FUENTES, DEMANDANTE Y APELANTE, *v.* MARTÍNEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre daños y perjuicios y persecución maliciosa.

No. 1553.—Resuelto en marzo 29, 1917.

PERSECUCIÓN MALICIOSA—ARRESTO Y ABSOLUCIÓN—DAÑOS Y PERJUICIOS—FALTA DE CAUSA PROBABLE—MALICIA.—La mera prueba del arresto y absolución del demandante y de los daños y perjuicios en causa por persecución maliciosa, no es bastante para que el caso quede establecido *prima facie,* pues ha de demostrarse además la falta de causa probable y la malicia. El arresto y la absolución por sí solos no demuestran que hubo falta de causa probable.

ID.—ID.—CAUSA PROBABLE—FALTA DE PRUEBA DE MALICIA.—En este caso el demandante probó en el juicio el arresto y su absolución con algunos documentos de los autos del proceso por abuso de confianza al declarar el secretario de la corte municipal donde aquél se le siguió, y demostró también los daños y perjuicios. Hubo también alguna prueba referente a la cuestión de causa probable, producida a solicitud del demandado durante el interrogatorio del testigo, con otros documentos que constaban en los mismos autos criminales. *Se resolvió:* que bajo tales circunstancias el demandante no había demostrado la malicia, que es una cuestión positiva, mixta de hecho y de derecho.

SOBRESEIMIENTO DE LA ACCIÓN — NONSUIT — PRUEBA DEL DEMANDADO ADMITIDA SIN OBJECIÓN ANTES DE CERRAR SU CASO EL DEMANDANTE.—Cuando un demandante permite sin objeción alguna al ser repreguntado su propio testigo que el demandado presente otros documentos que se encuentran en poder del testigo, por lo general la prueba así admitida se considera como parte del caso *prima facie* del demandante a los efectos de una moción de sobreseimiento de la acción (*nonsuit*), y no puede alegarse la improcedencia de ésta por el fundamento de haber el demandado presentado parte de su prueba.

ID.—ID.—SENTENCIA—RESOLUCIONES EXCEPCIONADAS POR MINISTERIO DE LEY.— Aun cuando el demandante no hubiera tomado excepción de la resolución de la corte al decretar el sobreseimiento del pleito (*nonsuit*) por el hecho de no haber demostrado *prima facie* su caso, si como consecuencia directa de la moción se dicta sentencia ésta queda excepcionada por ministerio de la ley, de conformidad con el artículo 213 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogados del apelado: *Sres. Feliú & Alemañy y Genaro Altiery.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La sentencia contra la cual se ha interpuesto esta apelación fué dictada a virtud de una moción de *non suit* presentada por el demandado y por tanto la principal cuestión que ha sido discutida por las partes es si la prueba aducida por el demandante fué o no suficiente para establecer su caso *prima facie.* La acción establecida fué por persecución maliciosa y opinamos, como declaró probado la corte inferior, que el demandante no probó la malicia del demandado. El demandante probó en el juicio su arresto, absolución y prueba tendente a demostrar los daños y perjuicios. Esto fué al parecer todo lo que el demandante creyó que era necesario pro-

bar. El caso de *Parés* v. *Ruiz,* 19 D. P. R. 342, el cual ha sido
observado y citado frecuentemente, establece que ha de pro-
barse la falta de causa probable y la malicia. Estamos de
acuerdo con el apelado en su alegación de que la mera prueba
del arresto y absolución no tiende a acreditar la falta de causa
probable. En el caso de *Bekkeland* v. *Lyons,* 96 Tex. 255, 64
L. R. A. 474, la corte llamó la atención hacia el hecho de que
hubo conflicto en cuanto a este particular, pero que había ma-
yor razón para llegar a la conclusión a que hemos llegado.
De lo contrario nos parecería que una vez probado el arresto
y la absolución tendría el demandado la obligación de demos-
trar que hubo causa probable.

Pero existe una dificultad en aplicar el principio en este
caso. El demandante probó su arresto y absolución con el
secretario de la corte municipal donde tuvo lugar el proceso
criminal. En el examen de repreguntas, y sin que se hiciera
objeción por el demandante, el demandado probó y presentó
como prueba otros documentos que estaban en poder del se-
cretario y constaban en los mismos autos o expedientes. Es-
tos documentos fueron según parece algunas de las pruebas
presentadas en la causa criminal. Apareció de la prueba que
el apelante había recibido en 30 de julio, 1916, de un tal Car-
los Cruz, la suma de $43.96 para ser entregada a Valerio Mar-
tínez Vanell el día 31 de agosto de 1916. Si el dejar de entre-
garse esta suma de $43.96 fué la única causa para verificar
el arresto, creemos que quedó establecida la falta de causa
probable. Fué a manera de un recibo y promesa de entre-
gar a dicho Martínez la referida cantidad de $43.96. El hecho
de no cumplirse con la promesa no era un abuso de confianza
si no se acreditaba que el apelante era agente del apelado y
que estaba autorizado para recibir la expresada suma y por
tanto que quedaba obligado de algún modo especial para con
el apelado. El apelado sostiene, sin embargo, que el apelante
dejó de probar que la retención de estos $43.96 fué lo que dió
lugar al arresto. Aunque esto es tal vez técnicamente cierto,
habiendo sido producida la prueba a solicitud del apelado y

no respondiendo a nada de lo presentado en el examen directo, puede inferirse lógicamente que el arresto tuvo lugar por no haberse entregado la referida suma de $43.96.

Hubo otra prueba presentada en el expediente que tendía a demostrar más o menos vagamente la existencia de cierta relación o agencia respecto a otros dineros o de otra cuenta entre dicho apelante y el apelado. La cuestión referente a la malicia es una cuestión mixta de hecho y de derecho, que la corte puede inferir de la falta de causa probable. *Stewart* v. *Sonneborn,* 98 U. S. 187, *Paganacci* v. *Lebrón,* 24 D. P. R. 796. La corte no dedujo la malicia en este caso. A la verdad que el apelante según parece creyó que había establecido su caso *prima facie* al probar el arresto, absolución, y los daños y perjuicios, y fué solamente en una moción para reconsiderar la sentencia que alegó que la prueba había sido suplida por el acto del apelado al presentar como prueba las demás que estaban en poder del secretario de la corte municipal. Como el apelante estaba en la obligación de demostrar la malicia, que es una cuestión positiva, no intervendremos con la conclusión a que llegó la corte sentenciadora en cuanto al particular. No vemos nada en los autos que indique dicha malicia.

Alega el apelante que la moción de *non suit* fué improcedente puesto que ya el demandado había presentado parte de su prueba. Considerada técnicamente esta cuestión podría haber habido algún fundamento en la alegación del apelante. La prueba no correspondía al examen directo, pero el apelante permitió que fuera presentada sin formular objeción al ser repreguntado su propio testigo. Por lo general la prueba así admitida se considera como parte del caso del demandante. Cuando el demandante cierra su caso la moción de *non suit* se dirige a toda la prueba que está entonces ante la corte y la prueba que ha sido admitida a solicitud de cualquiera de las partes generalmente se considera como parte del caso *prima facie* del demandante. En este caso la corte estuvo

justificada en considerar toda la prueba que le fué presentada, como parte del caso del demandante.

Sostiene el apelado que no se tomó excepción de la resolución de la corte al decretar el sobreseimiento de esta causa. Generalmente hemos considerado la sentencia como consecuencia directa de la moción y dicha sentencia está excepcionada por ministerio de la ley, de conformidad con el artículo 213 del Código de Enjuiciamiento Civil.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.