QUIÑONES, DEMANDANTE Y APELADO, *v.* ROSADO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre indemnización de perjuicios.

No. 2095.—Resuelto en mayo 21, 1920.

PERSECUCIÓN MALICIOSA—CAUSA PROBABLE—PRUEBA CONTRADICTORIA.—En el presente caso en el que se reclama indemnización por persecución maliciosa, el demandado apelante señala como error de la corte el haber declarado probado que no existió causa probable para la persecución del demandante mediante la denuncia que trajo por consecuencia su encarcelación. *Se resolvió:* que siendo contradictoria la prueba en cuanto al hecho de si al hacer el demandado su denuncia contra el demandante sabía que éste no se había apropiado los bueyes, de cuyo hecho lo acusó, y no habiendo el juez sentenciador creído al demandado, la apreciación de la corte inferior debe ser sostenida.

ID.—ARCHIVO DE LA DENUNCIA—ABSOLUCIÓN DEL DENUNCIADO.—Si en una acción por persecución maliciosa, el demandante prueba que como resultado de la investigación del delito imputádole por el demandado el proceso fué archivado a petición del fiscal, esto equivale a una absolución, pues siendo nuestro sistema criminal de enjuiciar puramente acusatorio, cuando el fiscal entiende que no hay motivos para acusar a una persona y archiva las diligencias en la corte, el asunto queda terminado desde entonces favorablemente para el denunciado sin necesidad de resolución alguna de la corte, según el artículo 99 del Código de Enjuiciamiento Criminal.

ID.—DAÑOS ESPECIALES—DAÑOS GENERALES—ALEGACIÓN DE DAÑOS.—De acuerdo con la doctrina establecida en el caso de *Torres v. Ramírez,* 22 D. P. R 450, en la cual se establece que solo es preciso alegar específicamente los daños especiales, y además, que el artículo 1803 del Código Civil autoriza a los tribunales para conceder indemnizaciones por los perjuicios que naturalmente

resulten del daño que se cause, en el presente caso no es de decidir si la prueba justificó daños especiales, pues se condena al apelante a pagar la cantidad que se le reclamó por los daños generales producidos al apelado con la prisión a que fué reducido, que fué una consecuencia natural de la denuncia contra el.

Los hechos están expresados en·la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogados del apelado: *Sres. Benet & Souffront.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante Manuel Rosado fué demandado para que satisficiera la cantidad de $2,750 como daños y perjuicios causados por cierta denuncia criminal que hizo contra el apelado Andrés Quiñones y, condenado aquél a pagar la cantidad de $500, alega en el recurso de apelación que ha interpuesto contra la sentencia que ésta es errónea: *Primero,* porque no se ha probado la falta de causa probable para la denuncia que hizo; *segundo,* porque no se ha probado que el demandante fuera absuelto de dicha denuncia; y *tercero,* porque tampoco la prueba es suficiente para justificar la cantidad que la sentencia manda pagar. Como se ve los tres errores alegados se refieren a la suficiencia de la prueba.

Examinemos la prueba en cuanto al primer error alegado.

El día 19 de julio, 1916 el apelante Manuel Rosado echó de menos cuatro bueyes de su propiedad que tenía en un pasto. Esos bueyes los encontró Andrés Quiñones haciendo daños en terrenos de la "Central Guánica" que cuidaba como celador bajo las órdenes de su principal Pablo Negroni a quien llevó los bueyes y quien ordenó que fueran conducidos por Delfín Pérez al depósito municipal de Mayagüez, en donde ingresaron al siguiente día 20. Declara el demandante y apelado Quiñones que al día siguiente de haber detenido los bueyes habló por la mañana con el apelante Rosado y le dijo que sus animales habían sido llevados al depósito municipal de Mayagüez y qué Rosado le contestó que se atuviera a las resultas. Rosado declaró que ese día no tuvo conversación alguna con Quiñones quien por tanto nada le

dijo con respecto a la detención de sus bueyes; que hizo gestiones por sus animales en el depósito municipal de Añasco y también en la colonia ''Bianchi'' donde suelen llevar detenidas las reses sin obtener resultado alguno y que habiendo sabido que Quiñones· y Pérez conducían sus bueyes por la carretera de Mayagüez acudió donde un abogado quien le aconsejó que presentara denuncia contra ellos y se la redactó, jurándola el declarante y presentándola, y que muchos días después fué que Quiñones estuvo en su casa y le dijo que fuera a hablar con unos señores en Añasco. La denuncia referida imputaba a Quiñones y a Pérez que con intención criminal se apropiaron cuatro bueyes de la propiedad del denunciante valorados en doscientos pesos, que se habían perdido de sus terrenos y que fueron encontrados por sus denunciantes bajo circunstancias que le daban indicios de su legítimo dueño, sin que hubieran practicado las diligencias del caso para encontrarlo y devolverle su propiedad; denuncia que produjo la prisión de Quiñones.

Lo expuesto demuestra que la prueba fué contradictoria en cuanto al particular de si cuando Rosado hizo la denuncia el día 21 de julio sabía ya desde el día antes que Quiñones no se había apropiado esos bueyes y que estaban detenidos en el depósito municipal de Mayagüez. Este conflicto de la evidencia fué resuelto por la corte inferior en contra del apelante no sólo por la sentencia condenatoria sino además en la opinión que escribió la corte en apoyo de ella en la que expresamente declaró que no había creído la declaración de Rosado.

Sentado esto, no podemos declarar que no se haya probado la falta de causa probable en Rosado al jurar y presentar su denuncia contra el apelado Quiñones que dió motivo para que fuera reducido a prisión, ni que la corte inferior cometiera el error que se le atribuye, porque el hecho de que Quiñones le hubiera avisado a Rosado de la detención de sus bueyes y del sitio en que se hallaban, antes de que presentara la denuncia, era suficiente para alejar toda

idea razonable de que Quiñones se había apropiado crimi-
nalmente esos animales y que no había hecho gestiones para
encontrar a su dueño; hechos que de ser ciertos eran cons-
titutivos del delito grave de hurto de mayor cuantía.   Si
después de ese aviso hubiera buscado sus reses en el depó-
sito municipal de Mayagüez allí las hubiera encontrado desde
el día 20 de julio, pero lejos' de hacer esto y queriendo per-
judicar a Quiñones y vengarse de él acudió a un abogado a
quien ocultó aquel hecho y denunció criminalmente al ape-
lado sabiendo que no 'se había apropiado dichos animales.   El
caso de *Wild* v. *Odell*, 56 Cal. 136, es bastante parecido al
presente y se declaró que no hubo causa probable para la
denuncia.

.   En el segundo motivo del recurso sostiene el apelante
que no se ha probado que el demandante fuera absuelto de
la denuncia que le hizo porque si bien como resultado de la
investigación que practicó el fiscal de distrito resolvió éste
que debían archivarse las diligencias por no existir causa
suficiente para acusar, sin embargo la corte no ha dictado
sentencia alguna en el asunto, según declaró el secretario de
la corte.

En el caso de *Parés* v. *Ruiz*, 19 D. P. R. 348, declaramos
que la resolución del fiscal de no llevar el caso a juicio por
la razón de que no cree o considera que la denuncia está en-
teramente sostenida por la prueba, algunas veces es sufi-
ciente.   Y ahora queremos decir que siendo nuestro sistema
criminal de enjuiciar puramente acusatorio, cuando el fiscal
entiende que no hay motivos para acusar a una persona y
archiva las diligencias en la corte, el asunto queda terminado
desde entonces favorablemente para el denunciado sin ne-
cesidad de resolución alguna de la corte, según el artículo
99 del Código de Enjuiciamiento Criminal.

Veamos el último error alegado.

El demandante expuso en su demanda que sufrió daños
y perjuicios por varios conceptos y especificó las distintas
cantidades en que los estimaba, a saber: Por lo que tuvo

que pagar a su abogado $50; por los gastos de viaje que hizo $50; por lo que dejó de ganar durante el proceso $150; por la angustia mental y sufrimientos morales sufridos durante el tiempo que estuvo arrestado y el que duró el proceso $500; y por los daños sufridos en su buena reputación y crédito, $2,000; siendo la suma de esas partidas la cantidad de $2,750.

En el caso de *Torres* v. *Ramírez*, 22 D. P. R. 450, hemos declarado que los daños que produce una persecución maliciosa y sin causa probable son generales cuando resultan necesariamente del acto que se denuncia y que el demandado debe presumir que son las consecuencias necesarias de su conducta; y que los que no provengan necesariamente del acto denunciado, pero que tal vez sigan al mismo, se denominan especiales y no los presume la ley; así como que la ansiedad y sufrimiento mental proceden natural y directamente de una persecución maliciosa infundada en la cual se alega la comisión de un delito infamante, siendo el verdadero fundamento de la acción el oprobio que se causa con la acusación. El conjunto de esa opinión es que solamente hay que alegar específicamente los daños especiales y que el artículo 1803 del Código Civil autoriza a los tribunales para conceder indemnizaciones por los perjuicios que naturalmente resulten del daño que se cause.

De acuerdo con la anterior doctrina no es de decidir si la prueba justificó daños especiales pues se condena al apelante a pagar la cantidad que se le reclamó por los daños generales producidos al apelado, celador de la "Central Guánica," con la prisión a que fué reducido, que fué una consecuencia natural de la denuncia contra él.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.