BAUTISTA ROSADO VÉLEZ, demandante y apelante, *v.* MANUEL ROSADO CHACÓN y ELIGIO ROSADO, demandados y apelados.

Núm. 7179.—*Sometido:* Marzo 5, 1937. *Resuelto:* Marzo 12, 1937.

*Luis Mercader,* abogado del apelante; *E. Pérez Casalduc,* abogado de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Bautista Rosado Vélez alega substancialmente en la demanda que los demandados, confabulados y puestos de acuerdo, hicieron público que el demandante sustrajo ilegal, criminal, maliciosa y voluntariamente un lote de maderas extranjeras de dentro de una casa o edificio de los demandados, a sabiendas de que tal lote de madera pertenecía a dichos demandados; que además requirieron los servicios de la policía de Arecibo para arrestarlo y molestarlo públicamente, registrando su hogar en el barrio Esperanza, de Arecibo, y haciéndole comparecer a dicha ciudad para detenerlo, investigarlo y avergonzarlo públicamente; que los demandados le imputaron públicamente esos hechos a sabiendas de que lo hacían falsa y maliciosamente y sin ninguna causa probable; que los actos de los demandados han menospreciado su prestigio, negándole sus vecinos ocupación, recibiéndolo con desconfianza y suspendiéndole el crédito, siendo a la vez presa de graves padecimientos por la humillación a que ha sido sometido; que los daños que ha sufrido son consecuencia natural y probable de las imputaciones falsas, ilegales, criminales y voluntarias de los demandados, y que estima esos daños en la cantidad de $1,000.

Oída la prueba del demandante, los demandados formularon una moción de *nonsuit,* que la corte de distrito declaró con lugar, desestimando la demanda por sentencia que es ahora objeto del presente recurso de apelación.

El apelante sostiene que la corte inferior erró:

"I. Al decidir que los hechos del caso presente constituyen una acción de persecución maliciosa, y que los requisitos esenciales de la misma no se alcanzaron con la evidencia aportada.

"II. Al concluir que tampoco cabe aquí la acción de daños por injuria y calumnia, ya que no aparece que los demandados 'hayan exteriorizado, ni menos publicado, injuria o calumnia alguna contra el demandante.'

"III. Al pesar con error grave y manifiesto la evidencia del actor, y deducir de ella conclusiones contrarias a derecho, y que no se justificó prima facie la acción del demandante."

■ La demanda es ambigua, pues de ella no aparece claramente si la acción ejercitada es la de daños y perjuicios por calumnia, que regula la ley especial sobre la materia, de 19 de febrero de 1902 (Comp. 1684–1694), o la de daños y perjuicios por persecución maliciosa, comprendida en los artículos 1802 a 1810 del Código Civil, edición de 1930. El hecho, sin embargo, carece de importancia, porque, a nuestro juicio, la prueba aducida por el demandante no sostiene ninguna de las dos acciones.

■■ El primer caso resuelto en esta jurisdicción sobre la acción por persecución maliciosa, es el de *Parés* v. *Ruiz*, 19 D.P.R. 342. De acuerdo con él, "en las acciones por persecución maliciosa, cuatro son los elementos esenciales que deben *alegarse*, y probarse, a saber:

"1. Que el demandante ha sido denunciado por el demandado.

"2. Que la causa terminó de modo favorable para el demandante.

"3. Que fué seguida maliciosamente y sin que existiera causa probable.

"4. Que el demandante sufrió daños y perjuicios como consecuencia de ello. Field on Damages, artículo 686, pág. 544; 26 Cyc., 8; *Breneman* v. *West*, 21 Tex. Civ. App., 21, 50 S. W. Rep., 471; *Collins* v. *Campbell*, 18 R. I. 738, 31 Atl. Rep. 832."

Examinada la demanda, se advierte en seguida que han dejado de alegarse los requisitos I y II, supra, si bien contiene alegaciones específicas sobre el III y IV. La demanda, pues, no alega hechos suficientes constitutivos de la acción de daños por persecución maliciosa, lo que sería suficiente para

la desestimación de la misma. Y no puede decirse que las insuficiencias de la demanda han sido suplidas por la evidencia, pues de ésta no aparece que ninguno de los demandados formulara denuncia alguna contra el demandante. Los demandados simplemente dieron cuenta al sargento Jacinto Álvarez, de la policía de Arecibo, del hecho de haberles sido sustraída la madera y el sargento ordenó la investigación de rigor. Su declaración a ese extremo fué la siguiente:

"P. ¿Qué le explicó don Manuel Rosado para proceder contra Bautista Rosado?—Que él estaba fabricando una casa en el barrio Esperanza y le faltaba una madera.

"P. ¿De dónde le faltaba la madera?—De su casa, que se la habían llevado.

"P. ¿Una casa construída?—Que la estaba construyendo.

"P. ¿De ahí alegaba él que se había sacado la madera?—Sí, señor; y entonces mandé al guardia Alayón.

"P. ¿Dijo sobre quién sospechaba?

"Abogado Sr. Pérez Casalduc: Me opongo.

"P. ¿Qué le indicó con respecto a Bautista Rosado ese día?

"Abogado Sr. Pérez Casalduc: Me opongo.

"Hon. Juez: Se admite la pregunta.

"Abogado Sr. Pérez Casalduc: Excepción.

"Testigo: Dijo que había sospechado de cierto individuo, pero no recuerdo qué individuo, quién me dijo.

"P. ¿De acuerdo con lo que le expresó actuó?—En seguida mandé a un guardia.

"P. ¿Qué guardia?—Al guardia Alayón 226, que investigara el asunto."

Más adelante, en su declaración, dijo:

"P. ¿Exactamente Manuel Rosado no le indicó sobre Bautista Rosado?

"Abogado Sr. Pérez Casalduc: Me opongo.

"Hon. Juez: Sugestiva.

"Testigo: No puedo decir.

"P. ¿Alayón hizo la investigación en el barrio?—Sí, señor.

"P. ¿Le dió cuenta?—Sí, señor."

Evarista Chacón, esposa del demandante, declaró que a quien la policía denunció fué a Eustaquio Pérez, hijo de la declarante, y no a Bautista Vélez, el demandante.

Por último, declaró el propio demandante, quien dijo:

"P. ¿De qué?—De las tablas.

"P. ¿Qué ocurrió entonces?—Miró el borderó y cogió un libro y vino y apareció Eustaquio Pérez denunciado y dijo, váyase, y nos fuimos.

"P. ¿A Ud. no lo denunciaron?—No, señor."

No puede resolverse, pues, que el primer requisito quedara probado. En cuanto al segundo, tampoco se probó. En relación con él, sólo aparece del récord lo siguiente, declarado por Evarista Chacón:

"P. ¿A quién llevaron a la Corte?—A Eustaquio Pérez.

"A preguntas del abogado Sr. Mercader, declaró:

"P. ¿Eustaquio Pérez salió bien de ese asunto?—Sí, señor.

"P. ¿Libre?—Absolutamente.

"P. ¿Se demostró finalmente que era una falsedad?—Que era una falsedad."

De modo que, ni la demanda contiene las alegaciones esenciales de una acción por persecución maliciosa, ni, asumiendo que las contuviera, quedó establecida por la prueba. No cometió la corte el primer error.

■ ¿Se probó un caso de calumnia? Opinamos que no, por los mismos fundamentos que tuvo la corte inferior, a saber, que en ningún momento profirieron los demandados acusación alguna contra el demandante. Sus actuaciones se limitaron a denunciar el hecho ante las autoridades correspondientes. La sección 3 de la ley de 19 de febrero de 1902, (pág. 234, Comp. 1686) al definir "calumnia," dice:

"Se entiende por calumnia la publicación falsa o ilegal, que no sea un libelo, y que impute a una persona la comisión de un hecho constitutivo de delito, o tienda directamente a perjudicarle con relación a su oficina, profesión, comercio o negocios, o que, como consecuencia natural, le cause daños reales y efectivos."

Hemos examinado las declaraciones del sargento Álvarez y del guardia Alayón ante quienes se quejó Manuel Rosado, y no aparece de ellas que éste imputara al demandante delito alguno. En cuanto al otro demandado, su intervención consistió en acompañar al policía que hizo la investigación hasta la casa del demandante.

Tampoco aparece probada la alegación de que la policía allanara el hogar del demandante. La testigo Evarista Chacón, esposa del demandante, declaró que la policía no entró en la casa; que al preguntar por las tablas que había delante de las puertas, paradas, ella les dijo que si reconocían que las tablas eran de ellos se las llevaran y que en la corte se verían; y que entonces se llevaran las tablas. El demandante no fué ni denunciado ni arrestado. Solamente fué citado por la policía para comparecer como testigo en una investigación en la que figuraba como denunciado Eustaquio Pérez.

No erró la corte inferior en la apreciación que hizo de la prueba.

*Debe confirmarse la sentencia recurrida.*