ANGELES JIMÉNEZ, demandante y apelante, *v.* MÁXIMO
SÁNCHEZ, demandado y apelado.

Núm. 8378.—*Sometido:* Diciembre 4, 1941. *Resuelto:* Febrero 6, 1942.*

*Francisco González Fagundo* y *A. García Veve,* abogados del ape-
lante; *B. Fernández García,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del
tribunal.

Esta es una reclamación de daños y perjuicios por perse-
cución maliciosa.

En la demanda se ejercitaron dos causas de acción. Por
vía de excepción previa, el demandado alegó que los hechos
expuestos no eran suficientes para determinarlas, y la corte

* Denegada la moción de reconsideración en el caso en mayo 19, 1942.

le dió la razón, dictando sentencia sobre las alegaciones declarando la demanda sin lugar, con las costas al demandante.

Éste apeló. Señala en su alegato un solo error, el cometido, a su juicio, por la corte al desestimar la demanda por falta de hechos suficientes determinantes de la acción ejercitada.

Al comenzar a argumentar el error, hace constar que desistió de la segunda causa de acción, quedando reducida la cuestión envuelta a resolver sobre la suficiencia de la demanda en cuanto a la primera, que se expuso así:

"1. Que el demandante es vecino de Fajardo, agricultor, viudo, y de más de veinte y un años de edad y el demandado es también vecino de Fajardo, propietario y de más de veinte y un años de edad.

"2. Que allá por el mes de marzo de 1937 el demandado Máximo Sánchez maliciosamente y a sabiendas de que no existía causa probable para ello y con fin premeditado de dañar la reputación y hombría de bien del demandante, acusó falsamente a dicho demandante Angeles Jiménez, imputándole el haberlo agredido con un revólver, y con tal motivo se expidió orden de arresto contra el demandante, quien fué encarcelado y privado de su libertad, teniendo que prestar fianza para permanecer en libertad provisional.

"3. Que en virtud de la acusación maliciosa y falsa del demandado contra el demandante, se inició contra éste por el Hon. Fiscal de Distrito de Humacao un proceso criminal por Atentado a la Vida, y celebrada la vista de dicho caso, el jurado que actuó en el mismo absolvió libremente al demandante.

"4. Que dicho proceso se celebró mediante juicio oral, y público ante la Corte de Distrito de Humacao, habiéndose enterado el público del mismo y de los hechos falsos imputados por el demandado al demandante.

"5. Que el demandante con motivo del proceso criminal a que fué sometido en virtud de la denuncia presentada por Máximo Sánchez, sufrió daños y perjuicios que por lo bajo pueden estimarse en la suma de diez mil *dollars*."

Para fundar su sentencia el juez de distrito emitió una elaborada opinión de la cual transcribimos lo que sigue:

"Tomando como ciertos los hechos alegados en la demanda enmendada, a los fines de la excepción interpuesta, no hay duda alguna

que la imputación que se le hace al demandado, es la de haber informado al funcionario encargado por los arts. 95 al 109 de nuestro Código de Enjuiciamiento Criminal de perseguir y acusar a los infractores de la ley, de la comisión de un delito, cual es, el de atentado a la vida, por el aquí demandante contra la persona del demandado, y hecha la investigación correspondiente por dicho funcionario, éste procedió a acusar al demandante y llevarlo a juicio, creyendo, como tuvo que creerlo, a tenor de lo dispuesto en el art. 72 del cuerpo legal antes citado, que existía justa causa para ello. En otras palabras, el demandado, no acusó ni denunció formalmente al demandante, sino que, a tenor del art. 98 del cuerpo legal antes citado, el fiscal inició este proceso y al hacerlo así y proseguir adelante con el caso, hay que admitir como cierto que existieron motivos verosímiles para creer en la culpabilidad del acusado, a tenor del texto español del artículo comentado, y causa probable para el proceso, a tenor del texto inglés de dicho artículo.

"Sentadas las anteriores premisas, queda perfectamente distinguido este caso de los citados por el demandante, cuales son: *Benet v. Hernández*, 22 D.P.R. 494, 498; *Torres v. Ramírez*, 22 D.P.R. 450; por entrañar los hechos en ellos alegados situaciones distintas a las concurrentes, en el de autos, para determinar la suficiencia de la demanda, cuando ésta es atacada por una excepción previa de falta de causa de acción, y en cuanto al caso dominante en acciones de esta naturaleza (leading case), citado por ambas partes, cual es, *Parés v. Ruiz*, 19 D.P.R. 342; aún cuando los hechos alegados en la demanda que sirvió de base a dicho litigio, difieren bastante de los alegados en el presente caso, a los efectos de la excepción en éste interpuesta, sin embargo, creemos que la doctrina en el mismo sentada, conjuntamente con la otra jurisprudencia citada por el demandado, es suficiente a sostener la contención de éste.

"En primer término, esta acción no es favorecida por los tribunales, especialmente cuando ella dimana de la institución de un proceso criminal contra el demandante, por la sencilla razón que ella tiende a debilitar la persecución del delito. 18 R.C.L. 11; 3 R.C.L. Supp. 774, y muy especialmente cuando se trata de un crimen que esencialmente afecta al público, 38 C. J. 385-86. Howell, *Malicious Prosecution*, par. 13; *National Surety Co. v. Page*, 58 F. (2d) 145.

"En segundo término, el informar la comisión de un crimen, lo que aquí hizo el demandado, a las autoridades correspondientes, no equivale a instigar un proceso criminal, a menos que la acusación se base en hechos falsamente imputados para inducir a una acción, 127

420

So. 188; porque los meros informantes de violaciones de la ley, no pueden quedar sujetos a responsabilidad alguna, por procesos originados como consecuencia de una *investigación* practicada por el funcionario correspondiente. 156 N.E. 182; *Am. Surety Co.* v. *Pujor,* 115 So. 176.

''En tercer término, nuestro sistema criminal de enjuiciar es acusatorio, estableciéndolo así los arts. 95 al 109 de nuestro Código de Enjuiciamiento Criminal, en relación con los artículos 71 al 72 de dicho cuerpo legal . . . *Quiñones* v. *Rosado,* 28 D.P.R. 491.

''En cuarto término, el elemento malicia, tan esencial en estos casos, no puede confundirse con una mera negligencia, toda vez que la característica de ésta es la 'inadvertencia', o ausencia completa de una *intención* de perjudicar, mientras que la característica de la malicia es el propósito indebido de vejar, perjudicar, dañar, injuriar y este elemento debe quedar perfectamente alegado con hechos, y nunca con meras conclusiones de derecho, sin establecerse siquiera los hechos de que se derivan. 18 R.C.L. 28.

''Una simple lectura de la demanda radicada en este caso revela ausencia completa de alegación de tan importante elemento. Código Penal de Puerto Rico, art. 559, par. 4. *Smith* v. *Liverpool Insurance Co.,* 107 Cal. 432. *Parés* v. *Ruiz,* 19 D.P.R. 342.

''En quinto término, de una simple lectura de la demanda, se nota ausencia absoluta de hechos justificativos de falta de causa probable, surgiendo, por el contrario, una fuerte presunción de su existencia, y en acciones de esta naturaleza, este elemento debemos considerarlo como principal (*Bull* v. *Rowles,* 93 Cal. 322), al extremo de que, faltando el mismo, aun cuando se alegue malicia, sería insuficiente la demanda.''

Se citan al efecto párrafos de las decisiones de esta corte en *Parés* v. *Ruiz,* 19 D.P.R. 342; *Paganacci* v. *Lebrón,* 24 D.P.R. 796; *Torres* v. *Ramírez,* 24 D.P.R. 876; *Fuentes* v. *Martínez,* 25 D.P.R. 84, y *Rosado* v. *Rosado,* 51 D.P.R. 115.

 Estamos conformes con la corte sentenciadora en que la acción de persecución maliciosa no es favorecida por los tribunales, en que el informar la comisión de un crimen a las autoridades competentes no equivale, por sí solo, a instigar un proceso criminal, en que nuestro sistema de enjuiciamiento es acusatorio y en que el elemento malicia, esen-

cial en estos casos, no puede confundirse con la mera negligencia, pero no lo estamos en que de una simple lectura de la demanda se nota la "ausencia absoluta de hechos justificativos de falta de causa probable," ni en que se deduzca de la misma que la actuación del demandado fué meramente la de informar el funcionario encargado de perseguir a los infractores de la Ley la comisión de un delito, sin acusar ni denunciar al demandante, ni proceder con malicia.

En el caso de *Parés* v. *Ruiz*, 19 D.P.R. 342, 346, citado con aprobación y aplicado en los de *Benet* v. *Hernández*, 22 D.P.R. 494, 503, y *Rosado* v. *Rosado*, 51 D.P.R. 115, 117, esta corte hablando por su Juez Asociado Sr. Mac Leary, dijo:

"En las acciones por persecución maliciosa, cuatro son los elementos esenciales que deben alegarse y probarse, a saber:

"1. Que el demandante ha sido denunciado por el demandado.

"2. Que la causa terminó de modo favorable para el demandante.

"3. Que fué seguida maliciosamente y sin que existiera causa probable.

"4. Que el demandante sufrió daños y perjuicios como consecuencia de ello. *Field on Damages*, artículo 686, pág. 544; 26 Cye. 8; *Breneman* v. *West*, 21 Tex. Civ. App. 21, 50 S.W. Rep. 471; *Collins* v. *Campbell*, 18 R.I. 738, 31 Atl. Rep. 832."

Siguiendo esa pauta trazada desde hace cerca de treinta años y aplicada en 1915 y 1937, examinemos la demanda para ver si contiene los elementos esenciales integrantes de la acción.

El primero, o sea, que el demandante ha sido denunciado por el demandado, se alega en cuatro de los cinco hechos de que consta la demanda.

El segundo, esto es, que la causa terminó de modo favorable para el demandante, consta también alegado en el hecho tercero de la misma.

El tercero, o sea que la causa fué seguida maliciosamente y sin que existiera causa probable, aparece repetidamente alegado, así: "el demandado . . . maliciosamente y a sabien-

das de que no existía causa probable para ello y con el fin premeditado de dañar la reputación y hombría de bien del demandante, acusó falsamente al dicho demandante . . . , imputándole el haberlo agredido con un revólver . . . '', hecho dos, ''en virtud de la acusación maliciosa y falsa del demandado contra el demandante, se inició . . . '', hecho tres.

Y, por último, que el demandante sufrió daños y perjuicios, cuarto requisito, aparece alegado en el hecho quinto de la demanda.

Quizá ésta pudo ser más específica en algunos detalles pero tal como está la consideramos suficiente. No se trata de poner en conocimiento de las autoridades competentes el hecho de que un crimen fué cometido. [6] Fué el propio demandado, según la demanda, el que dijo haber sido agredido con un revólver—acto criminal en sí—y el que acusó como autor de la agresión al demandante actuando en la forma y con el propósito que en la demanda se expresan.

La circunstancia de que el fiscal una vez practicada la investigación, formulara acusación basándose en declaraciones juradas de testigos, creyendo que existía justa causa para ello, no implica necesariamente que la declaración, acusación o denuncia del demandado no fuera el factor decisivo de su actuación.

Tenía el fiscal ciertamente el control del proceso, pero lo que lo llevó a instruirlo y a formular acusación, fué la denuncia del delito por el demandado y la imputación que éste hizo contra el demandante. Ello surge de la demanda y si, como se dice en la misma, el demandado actuó maliciosamente, con el fin premeditado de dañar al demandante, imputándole falsamente, a sabiendas de que no existía causa probable, la comisión del crimen, logrando que se le persiguiera como se le persiguió formulándose en su contra acusación por el único funcionario que podía hacerlo de acuerdo con la ley, sometiéndosele a un juicio en el que se le absolvió, causándosele los daños y perjuicios consiguientes, no vemos

cómo pueda sostenerse que de la demanda no surja que es responsable de los dichos daños, resultado de su conducta culpable.

"El medio para determinar la responsabilidad en una acción por persecución maliciosa es: ¿Tuvo el demandado una participación directa en poner la ley en vigor? Para que la acción pueda prosperar debe aparecer en forma afirmativa, como un elemento integrante del caso de la parte que reclama daños, que la parte a quien se pretende imputárseles fué la causa próxima y eficiente de que maliciosamente se pusiera la ley en movimiento.—Aquél que pone la maquinaria de la justicia en acción, motiva la 'persecución,' según se emplea ese término en la ley de persecución maliciosa. *Eastman* v. *Leiser Co.*, 148 Minn. 96, 181 N. W. 109." 38 C. J. 395.

*Debe, en tal virtud, revocarse la sentencia apelada, declararse sin lugar la excepción previa y concederse al demandado un término de diez días contado a partir del en que la sentencia de esta corte sea inscrita en la inferior, para que conteste la demanda.*

El Juez Asociado Sr. Snyder no intervino.