PEDRO TORRES TORRES, demandante y apelado, v. JUAN MARCANO, demandado y apelante.

Núm. 9647.—*Sometido:* Abril 13, 1948. *Resuelto:* Junio 3, 1948.

*R. Rivera Zayas, J. Calzada González, G. Rivera Cestero* y *Milton F. Rúa,* abogados del apelante; *A. L. López,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se trata de un caso de daños y perjuicios por persecución maliciosa. La Corte de Distrito de Caguas declaró con lugar la demanda y condenó al demandado Juan Marcano a satisfacer al demandante Pedro Torres Torres la suma

de $500, más las costas y $100 en concepto de honorarios de abogado. No conforme el demandado con la sentencia, apeló para ante esta Corte Suprema y en este recurso alega que la corte inferior erró al declarar sin lugar la primera defensa al efecto de que la demanda no aduce hechos suficientes constitutivos de causa de acción; al declarar sin lugar su moción de *nonsuit;* al apreciar la prueba por ser ésta insuficiente para establecer los elementos esenciales de la causa de acción; y al condenar al demandado a pagar las sumas antes mencionadas.

En la demanda se alegó, en síntesis, que "a iniciativas e instancias del demandado", el 20 de abril de 1943, se presentó denuncia contra el demandante en la Corte Municipal de Caguas, Sección Segunda, por delito de hurto menor, la cual denuncia fué seguida maliciosamente y sin que existiera causa probable, terminando el caso con la absolución del demandante por sentencia dictada el 10 de mayo de 1943, y que como consecuencia de dicha denuncia el demandante sufrió daños y perjuicios en cantidad que estima razonablemente en $2,500.

Arguye el apelante, en cuanto al primer señalamiento, que no alegándose en la demanda que fué el demandado quien denunció al demandante por el delito de hurto menor y sí que "se presentó" la denuncia "a iniciativas e instancias del demandado", falta en ella el primer elemento de los cuatro esenciales que debe alegarse en esta clase de acciones, según hemos resuelto en el caso de *Parés* v. *Ruiz,* 19 D.P.R. 342, donde dijimos, a la pág. 346:

"En las acciones por persecución maliciosa, cuatro son los elementos esenciales que deben alegarse y probarse, a saber:

"1. Que el demandante ha sido denunciado por el demandado.

"2. Que la causa terminó de modo favorable para el demandante.

"3. Que fué seguida maliciosamente y sin que existiera causa probable.

"4. Que el demandante sufrió daños y perjuicios como consecuencia de ello."

No tiene razón el apelante. En el caso de *Jiménez* v. *Sánchez,* 60 D.P.R. 417, ratificamos el de *Parés* v. *Ruiz,* supra, y los de *Benet* v. *Hernández,* 22 D.P.R. 494 y *Rosado* v. *Rosado,* 51 D.P.R. 115, en los cuales el de *Parés* se citó con aprobación, y resolvimos que una demanda en la que se alega que el demandado maliciosamente acusó al demandante ante el fiscal de la comisión de un crimen induciendo a dicho funcionario a perseguirlo criminalmente y a someterlo a un juicio en el que se le absuelve, causándole daños, aduce hechos suficientes. En el caso de autos, si bien en la demanda no se alega quién fué que radicó la denuncia en contra del aquí demandante (de la prueba aparece que fué un policía insular), sí se alega que fué presentada a iniciativas e instancias del demandado y que la misma fué seguida maliciosamente y sin que existiera causa probable. Tal y como está redactada contiene, a nuestro juicio, hechos suficientes. No se cometió el primer error.

■■ El segundo y tercer señalamientos el apelante los discute conjuntamente y en igual forma los resolveremos. Sostiene en ellos el apelante que la corte erró al declarar sin lugar su moción de *nonsuit*[1] y al apreciar la prueba y dictar sentencia en su contra. Veamos, por tanto, cuál fué la prueba en este caso.

La del demandante tendió a demostrar que allá para el 15 de abril de 1943 el demandado informó al Jefe de la Policía de Caguas que le habían sustraído, sin acusar específicamente a nadie, cuatro quintales de semillas de yautía que tenía sembrados en una finca de su propiedad; que el Jefe envió a dos policías a la finca del demandado a practicar la investigación correspondiente y el demandado les facilitó un peón para que fueran al sitio donde estaba la tala de yautía y que allí, después de hablar con el demandante y admitir éste que él se había llevado y trasplantado las se-

---

[1] De acuerdo con la Regla 41(*b*) de Enjuiciamiento Civil, el demandado no renuncia a su derecho a presentar prueba por el hecho de que su moción de *nonsuit* haya sido desestimada.

millas por ser suyas, ya que se las había comprado a Evaristo Vázquez, lo llevaron al Cuartel de Caguas y el Jefe ordenó lo pusieran a disposición del juez municipal; que por no estar dicho funcionario en la corte, ingresaron al demandante en la cárcel a las seis de la tarde, habiendo sido puesto en libertad bajo fianza a las ocho de la noche; que el Policía Insular Augusto Rodríguez radicó denuncia contra el demandante por el delito de hurto menor y celebrado el juicio correspondiente el demandante fué absuelto. Tendió a demostrar, además, la prueba del demandante, que él trabajaba como medianero del demandado; que sembró primero una cuerda de tabaco y luego un cuadro de yautías; que debido a que el demandado no tenía semillas de yautía, el demandante le compró a Evaristo Vázquez las semillas que sembró en la finca, y que al demandado le constaba ese hecho; que al llegar el momento de cosechar las yautías el demandado exigió que se partieran de por mitad, no obstante no haber puesto él las semillas, y el demandante estuvo conforme, pero con la aclaración de que eso se refería al fruto únicamente, pero no a las semillas, a lo que el demandado nada repuso; que el demandado después de recoger la mitad de las yautías que le pertenecían, mandó a cercar la tala con alambres y puso a pastar unos bueyes en ella; que al darse cuenta el demandante de esto decidió sacar las semillas y llevárselas, pues estaban siendo estropeadas por los bueyes; que el demandado le había ordenado al demandante que desocupara la casa en que vivía en la finca porque la tenía en venta. Se probó, además, que el demandante es un trabajador que goza de buena reputación en la comunidad en que vive y que nunca había sido denunciado por ningún delito con anterioridad al caso de hurto menor y que como dijo, sufrió por la afrenta de haber sido encarcelado y denunciado. Ésta, en síntesis y en lo pertinente, fué la prueba del demandante.

·La del demandado tendió a demostrar que si bien el demandante era medianero del demandado, fué el demandado quien proveyó las semillas de yautía que ya existían en la finca para la tala de un cuadro que sembró el demandante; que habiendo resuelto vender la finca, el demandado le dijo al demandante que tenía que mudarse; que repartieran las yautías de por mitad como es costumbre y que las semillas quedaran sembradas; que algún tiempo después cuando tuvo oportunidad de vender dichas semillas al mandarla a sacar, sus peones encontraron que ya las habían sacado; que el demandado entonces dió cuenta al jefe· de la policía, sin acusar a nadie pues él ignoraba quién las había sustraído; que no intervino para nada en la investigación que practicó la policía ni gestionó que se radicara la denuncia en contra del demandante; que como testigo en el caso criminal se limitó a declarar en igual forma.

Al declarar sin lugar la moción de nonsuit, primero, y con lugar la demanda, después, la corte inferior dió crédito a la prueba dél demandante que tendió a demostrar que al demandado le constaba que el demandante era un mediadero suyo y que las semillas de yautía sembradas en su finca pertenecían al demandante y no al demandado y que no obstante constàrle esos hechos, el demandado no los informó al jefe de la policía, limitándose a deciŕle que le habían hurtado dichas semillas.

En cuanto a la moción de nonsuit, somos de opinión que la corte inferior no erró al declararla sin lugar ya que la prueba del demandante, prima facie, era suficiente, especialmente cuando el demandado basó dicha moción en el hecho de que no se había probado que él había suscrito la denuncia en contra del demandante, es decir, la misma cuestión planteada por la defensa especial que ya hemos discutido al resolver el primer señalamiento de error.

■■ Ahora bien, en cuanto al caso en su fondo, ¿es suficiente la prueba para sostener la sentencia? Para con-

testar esta pregunta en la afirmativa deben haber quedado probados los cuatro elementos esenciales antes mencionados, ya que "si falta alguno de los mismos, el resultado es fatal para el demandante". *Parés* v. *Ruiz*, supra, pág. 351.

Hemos visto que en la demanda se alega que la denuncia por hurto menor contra el demandante fué presentada "a iniciativas e instancias del demandado". Como alegación, ya hemos resuelto que es suficiente. La prueba, sin embargo, demostró únicamente que el demandado se limitó a informar a la policía que le habían sustraído las semillas, sin acusar al demandante ni a ninguna otra persona. ¿Puede sostenerse que el hecho de haber ocultado el demandado al jefe de la policía que el demandante había sido un medianero suyo o que la pertenencia de las semillas estaba en discusión entre ellos (lo que negó el demandado), obligó en alguna forma a dicha autoridad policíaca a formular la denuncia en contra del demandante? Creemos que no. Al practicar los policías Rodríguez y Rivera la investigación del caso, el demandante les enteró de esos hechos y además les admitió francamente que él había trasplantado las semillas porque eran suyas. De manera que fué la autoridad competente, en este caso un policía insular, la que independientemente de la información incompleta suministrada por el demandado actuó en contra del demandante—después de haber practicado la investigación correspondiente. La omisión del demandado de suministrar una información completa al jefe de la policía no obligaba, como de hecho no obligó, a dicha autoridad a actuar en contra del demandante, y, al hacerlo, después de haber realizado la investigación, no puede sostenerse que lo hiciera a instancias o iniciativas del demandado. La actuación de la policía fué consecuencia de su propia investigación de los hechos y no de la información incompleta que de ellos les dió el demandado.

En 3 *Restatement, Torts,* sec. 653(2), pág. 382, se expone la regla aplicable en estos casos en la forma siguiente:

"(1) Una persona particular que inicia procedimientos criminales en contra de otra que no es culpable del delito imputado le es responsable por el daño causado si los procedimientos

"(a) se iniciaron (1) sin causa probable, y (2) primordialmente debido a otro propósito que el de traer a un delincuente a la justicia, y

"(b) han terminado a favor del acusado.

"(2) Una persona particular que *procura la institución* de procedimientos criminales en contra de otra es responsable bajo las condiciones expresadas en la Subsección (1)." (Bastardillas nuestras.)

Comentando la Subsección (2), supra, se dice a la pág. 383:

"Una persona que no inicia ella misma los procedimientos criminales puede procurar su iniciación en una de dos maneras: (1) induciendo a una tercera persona, bien una persona particular o a un acusador público, a iniciar tales procedimientos, o (2) induciendo o persuadiendo (*prevailing*) a un funcionario público a instituirlos radicando una acusación. No es, sin embargo, suficiente que algún acto suyo haya causado que la tercera persona inicie los procedimientos. El que le suministra a una tercera persona, bien sea un funcionario público o persona particular, información de la supuesta conducta criminal de otra, o aun la acusa de ello, causa la institución de tales procedimientos por la tercera persona. El suministrar la información o el hacer la acusación, sin embargo, *no constituye el procurar la institución de los procedimientos que la tercera persona inicia si se deja a la libre elección de la tercera persona de iniciar o no los procedimientos según ella crea conveniente.*" (Bastardillas nuestras.)

Y a la pág. 386, se hace el siguiente comentario:

"Una persona particular que suministra a un funcionario público información de la supuesta mala conducta criminal de otra, obviamente induce la institución de aquellos procedimientos subsiguientes que el funcionario pueda comenzar de su propia iniciativa, pero el dar tal información, o aun hacer una acusación de mala conducta criminal, *no constituye procurar los procedimientos iniciados por el funcionario si se deja enteramente a su discreción el iniciarlos o no.* Cuando una persona particular le da a un funcionario público infor-

mación que él cree es cierta y el funcionario en el ejercicio de su libre discreción inicia procedimientos criminales basados en dicha información, *el informante no es responsable bajo la regla expuesta en esta Sección, aun cuando la información se pruebe que es falsa y su creencia sobre ella fuera una que un hombre razonable no hubiera sustentado. El ejercicio de la discreción del funcionario hace que la iniciación del proceso sea suya y proteja de responsabilidad a la persona cuya información o acusación indujo al funcionario a iniciar los procedimientos.*

"Sin embargo, si el informante sabe que la información es falsa, el ejercicio inteligente de la discreción del funcionario se hace imposible y un proceso basado en ella es procurado por la persona que dió la información falsa." (Bastardillas nuestras.)

Las reglas expuestas en el Restatement, aplicadas al caso de autos, sostienen la conclusión a que hemos llegado. Se probó que el demandado suministró a un funcionario público una información en cuanto a que le habían hurtado unas semillas de yautía. No imputó el hurto al demandante ni a ninguna otra persona. No indujo ni persuadió a dicho funcionario para que denunciara al demandante. Se limitó a suministrarle una información incompleta que él sostuvo siempre era cierta, pero esa actuación del demandado, bajo las circunstancias de este caso, no equivale a haber informado al funcionario un hecho que a él le constaba que era falso que impidiera a éste el ejercicio inteligente de su discreción. Por el contrario, fué dicho funcionario, después de practicar la investigación que creyó conveniente, quien radicó la denuncia en contra del demandante, no obstante haberle éste manifestado que era el dueño de las semillas y por ese motivo haberlas trasplantado. Dicho funcionario ejercitó su discreción libremente, sin que se probara que el demandado interviniera para nada en su actuación oficial.

No habiéndose probado que fuera a iniciativas o a instancias del demandado que se denunció al demandante, falta en este caso uno de los elementos esenciales de la causa de

acción ejercitada y erró la corte inferior al apreciar la prueba.

*Procede revocar la sentencia apelada y declarar sin lugar la demanda, con costas.*

El Juez Asociado Sr. De Jesús no intervino.