MIGUEL ANGEL RALDIRIS, ETC., ET AL., demandantes y recurridos, *v.* LEVITT AND SONS OF PUERTO RICO, INC., demandada y recurrente.

*Número:* R-72-21 *Resuelto:* 30 de abril de 1975

*Antonio Córdova González, Pedro Toledo González* y *Edwin Tyler Albizu,* abogados de la recurrente; *Domingo Ríos Román* y *Guillermo Arbona Lago,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se trata de un caso de daños. El demandante celebró con la demandada un contrato de compraventa de residencia, previo al otorgamiento de la escritura. Antes de firmarse la escritura y antes de la entrega física de la propiedad al demandante, éste fue en su automóvil a dicha propiedad, entró en la misma con su carro y se bajó. De aquí en adelante la prueba es conflictiva. El demandante declaró que él solamente caminó por el patio de la casa, observó un poste de la corriente eléctrica que le preocupaba y se marchó. El guardián de la empresa demandada declaró que el demandante forzó una puerta de la casa con un destornillador, que entró a la casa y luego salió llevándose consigo la tapa del calentador de agua. Sobre este aspecto tan vital, la declaración del demandante fue

muy insegura, si no evasiva. En el contrainterrogatorio declaró como sigue:

"P. Le pregunto, si ese día cuando usted se apeó de su carro que fue a medir el poste si usted penetró dentro de la casa.

R. *Yo no recuerdo haber penetrado dentro de la casa.*

P. ¿Tenía mucha prisa?

R. No tenía ninguna, ni tenía interés en penetrar dentro de la casa.

P. Diga si es o no cierto que esa casa en la parte de atrás tenía o tiene o para esa época, tenía una puerta de cristal, eso es correcto?

R. La tiene en la actualidad.

P. ¿Y la tenía para esa época?

R. *Supongo que la tenía.*" (Bastardillas nuestras.) T.E. pág. 10.

El guardián observó los hechos e informó a la policía lo que había visto. Dio a ésta el número de la tablilla del carro del demandante, pues la había apuntado el día de los hechos. La policía dejó varias notas en casa del demandante pero aparentemente con un nombre equivocado. El demandante hizo caso omiso de dichas notas. Un día, en horas de la madrugada, la policía fue a casa del demandante, lo arrestaron y lo llevaron ante un magistrado. Fue acusado de escalamiento, le fijaron $1,000 de fianza, la cual no pudo prestar y permaneció diez días detenido en la cárcel de La Princesa. Posteriormente se celebró el juicio y fue absuelto.

Demandó en daños por sufrimientos y humillaciones suyos y de su esposa e hijos. El Tribunal Superior, Sala de Bayamón, declaró la demanda con lugar y dictó una sentencia que totaliza $9,000.

La demandada recurrió ante nos señalando la comisión de seis errores. La sentencia debe revocarse en vista de que se cometió el tercer error señalado por la recurrente: Erró el Tribunal Superior al sostener que el guardián fue la causa eficiente que inició la acción criminal contra el demandante.

■ Para que prospere una acción de daños fundada en la promoción, por el demandado, de un proceso criminal contra el demandante es necesario que se pruebe (a) que el demandado instigó dicha acción maliciosamente, (b) sin causa probable, (c) que la acción terminó de modo favorable para el demandante y (d) que éste sufrió daños. *Parés* v. *Ruiz*, 19 D.P.R. 342, 346 (1913). Hemos dicho que causa probable es "una sospecha fundada en circunstancias bastante poderosas para justificar la creencia que tiene una persona razonable de que la acusación es cierta" y que dicha cuestión no depende de si se cometió el delito o no, "sino en la creencia del denunciante en la verdad de la imputación hecha por él." *Parés* v. *Ruiz*, supra, págs. 349 y 350.

Esta acción, conocida como acción por persecución maliciosa, no es favorecida por los tribunales, pues desalienta a la ciudadanía a cooperar en la persecución de los delitos. El Tribunal Supremo de los Estados Unidos ha expresado que "es un acto de civismo de parte de los ciudadanos dar la información que posean y que pueda ayudar a hacer cumplir las leyes." *Miranda* v. *Arizona*, 384 U.S. 436, 477 *in fine* (1966). También en dicha opinión el Tribunal, a la pág. 481, se refiere a "la obligación de todos los ciudadanos de ayudar a que se cumplan las leyes penales." Véanse también sobre el particular Prosser, *Handbook of the Law of Torts*, 4ta. ed. (1971), pág. 834; Harper and James, *The Law of Torts* (1956), Vol. 1, pág. 301; Harper, *Malicious Prosecution, False Imprisonment and Defamation*, 15 Texas L. Rev. 157, 170. *Jiménez* v. *Sánchez*, 60 D.P.R. 417, 420 (1942).

■ Reiteradamente hemos expresado que el mero hecho de informar a las autoridades la comisión de un delito no es suficiente para imponer responsabilidad, sino que debe demostrarse que el demandado instigó activa y maliciosamente la iniciación del proceso y que no fueron las autoridades quienes a base de su propia evaluación de los hechos decidieron procesar al demandante. *Parés* v. *Ruiz*, supra; *Rosado* v. *Rosado*,

51 D.P.R. 115 (1937); *Jiménez* v. *Sánchez*, supra; *Torres* v. *Marcano*, 68 D.P.R. 880 (1948); *Jiménez* v. *Sánchez*, 76 D.P.R. 370 (1954); *Rodríguez* v. *Waterman Dock Co.*, 78 D.P.R. 738 (1955); *García Calderón* v. *Galiñanes Hermanos*, 83 D.P.R. 318 (1961); *Martínez Rivera* v. *Sears, Roebuck*, 98 D.P.R. 641 (1970); Prosser, *op. cit.* págs. 836–837.

 El mero hecho de suministrar información a un agente del orden público—juez, fiscal o policía—sobre determinados hechos no constituye de por sí la instigación que se requiere como elemento de esta acción. Es preciso que medie una imputación maliciosa, hecha de mala fe y sin fundamento razonable. Una afirmación que responda a una creencia razonable no conlleva responsabilidad alguna. De otra forma, se estaría obstaculizando el procedimiento de investigación de las autoridades competentes dirigido al esclarecimiento de los hechos a los fines de exigir la responsabilidad que corresponda. *García Calderón* v. *Galiñanes Hermanos*, 83 D.P.R. 318, 320 (1961).

 La comunidad está interesada en que se investigue y se persiga la comisión de delitos y no deben imponerse penalidades a aquellos que cooperan con la administración de la justicia. Naturalmente, existe también un importante interés social en que no se atropelle ni se persiga arbitraria o maliciosamente a los inocentes. Por esta razón una acusación caprichosa, formulada de mala fe y sin fundamentos razonables serviría de ingrediente en una acción de persecución maliciosa, pero una declaración basada en una creencia razonable y de buena fe no conlleva responsabilidad civil. *Jiménez* v. *Sánchez*, 76 D.P.R. 370, 377 (1954). Por esa razón en estos casos llamados de persecución maliciosa, la malicia no se presume; el demandante en daños y perjuicios tiene que probar que el demandado actuó maliciosamente y sin que existiese causa probable. Revocamos la expresión hecha en contrario en *Casanova* v. *González Padín*, 47 D.P.R. 488, 496 (1934).

En el caso de autos el guardián de la demandada se limitó a informar a la policía los hechos por él observados. No hay evidencia de que el guardián o sus superiores instigaran o indujesen maliciosa y activamente a la policía o al magistrado que determinó causa probable a que procesaran al demandante. La policía, actuando dentro del marco de sus funciones, investigó los hechos y a la luz de esa investigación decidió denunciar al demandante y el magistrado determinó causa probable de acuerdo con la evidencia que tuvo ante sí.

*Se revocará la sentencia recurrida.*