# 99 DTA 178

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
PANEL SUSTITUTO II**

FRANK RAMOS RODRIGUEZ
Recurrido
v.

SALVADOR CORREA MIRANDA, GLORIA AMILL FIGUEROA
Recurrentes

Núm. KLCE-99-00334

San Juan, Puerto Rico, a 18 de mayo de 1999

Panel integrado por su Presidenta, Juez Pesante Martínez
y los Jueces señores Martínez Torres y Salas Soler

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante el recurso de título, la parte peticionaria compuesta por Salvador Correa Miranda y Gloria Amill Figueroa procuran obtener la revocación de una resolución enmendada emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, que declaró Ha Lugar una solicitud de relevo de sentencia presentada por el demandante recurrido Frank Ramos Rodríguez. Denegamos la expedición del auto de *certiorari* solicitado.

### I

El 25 de abril de 1997, Frank Ramos Rodríguez presentó ante el Tribunal de Primera Instancia de Guayama una demanda en daños y perjuicios contra los aquí peticionarios Salvador Correa Miranda y Gloria Amill Figueroa. En ella alegaron que los demandados libelosamente juramentaron denuncias mediante las cuales le imputaron al demandante haber encendido una verja, pastos y árboles frutales propiedad de éstos. A consecuencia de lo anterior, al demandante le sometieron acusaciones criminales por los delitos graves de incendio agravado y daños agravados. Celebrado el juicio en sus méritos, el demandante fue absuelto. Alega la parte demandante en su demanda que con posterioridad a su absolución los demandados continuaron difamando al demandante al insistir ante amigos y vecinos que éste incendió su propiedad pese a ser ello, según las alegaciones de la demanda, falso. Oportunamente, los demandados contestaron la demanda, negaron los hechos medulares en ella contenidos y levantaron la defensa de prescripción. Esta se basa en que ha transcurrido más de un año desde que ocurrió el incendio (3 de mayo de 1995) hasta el 25 de abril de 1997, fecha en que se presentó la demanda.

Trabada la controversia, la parte demandada presentó Moción en Solicitud de Sentencia Sumaria y Desestimación. El 3 de julio de 1998, el tribunal *a quo* dictó sentencia sumaria desestimando la demanda, que por su brevedad pasamos a reproducirla en su totalidad:

*"Examinada la Moción en Solicitud de Sentencia Sumaria y Desestimación presentada por la demandada de fecha 13 de mayo de 1998 aparece que la demandante ha guardado silencio indicándonos con ello que se allana a lo solicitado y en tal virtud se decreta Ha Lugar a dicha moción y consecuentemente ordenamos la desestimación y archivo de la demanda presentada imponiendo el pago de las costas y gastos a la demandante."*

Así las cosas, la parte demandante-recurrida oportunamente presentó una moción de reconsideración y luego una solicitud de relevo de sentencia. Ambos petitorios fueron declarados No Ha Lugar.

Efectuados varios trámites procesales, incluyendo entre ellos la presentación de un recurso de apelación ante este Tribunal que se desestimó por prematuro, el Tribunal revisado emitió resolución enmendada mediante la cual reconsideró su dictamen anterior y procedió a dejar sin efecto la sentencia sumaria desestimando la demanda.

Insatisfecho con la resolución enmendada que declara Con Lugar la moción de relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, el demandado-peticionario, Salvador Correa Miranda, acude ante nos en el interés de que expidamos un auto de *certiorari* y revoquemos la resolución recurrida. Denegamos la expedición del auto solicitado.

### II

Es un principio bien establecido que al considerar una moción para desestimar una demanda, ésta debe ser evaluada de forma crítica. Es decir, hay que examinar los hechos alegados en la demanda de la manera más favorable a la solicitud del demandante; y sólo procede la desestimación, si de las alegaciones no se puede deducir el derecho a la concesión de remedio alguno. *Agosto Ortiz v. Municipio de Río Grande*, ___ D.P.R. ___

366

(1997), **97 J.T.S. 69,** pág. 1014, opinión de 20 de mayo de 1997. Para ello debemos interpretar las alegaciones de una forma conjunta, las unas con las otras, incluyendo el epígrafe y la súplica, siempre y cuando, esto ayude a determinar si se ha informado debidamente al demandado de lo que se le está reclamando. *Reyes Castillo v. Cantera,* ___ D.P.R. ___ (1996), **96 J.T.S. 9,** opinión de 24 de enero de 1994. *"Las alegaciones hay que interpretarlas con el propósito de hacer justicia (citas omitidas)".* Ibid.

En *Pressure Vessels of Puerto Rico, et al, v. Empire Gas of Puerto Rico, Progasco, Inc.,* ___ D.P.R. ___ (1994), **94 J.T.S. 144,** pág. 431, opinión de 23 de noviembre de 1994, se dejó claramente establecido que:

*"[L]a demanda debe ser interpretada lo más liberalmente posible a favor de la parte demandante y sus alegaciones se examinarán de la manera más favorable a ésta. La demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. Nuestro deber es considerar si a la luz de la situación más favorable al demandante y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida. Unisys v. Ramallo, supra; Romero Arroyo v. E.L.A., supra; Gónzalez Camacho v. Santos Cruz, res. en 28 de junio de 1989, 124 D.P.R. ___ (1989), 89 J.T.S. 67; Granados Navedo v. Rodríguez, supra; Candal v. C.T. Radiology Office Inc., 112 D.P.R. 227, 230-231 (1982); Reyes v. Suc. Sánchez, 98 D.P.R. 305, 309-310 (1970); Colón v. San Patricio Corp., 81 D.P.R. 242, 266-267 (1959)."*

En el caso de marras, de las alegaciones del demandante contenidas en su demanda se desprende claramente una alegación a los efectos de que los demandados en forma libelosa juramentaron denuncias criminales mediante las cuales le imputaron al demandante haber incendiado una verja, pastos y árboles frutales de su propiedad. Que la Fiscalía de Guayama, basándose en dichas falsas acusaciones, presentó cargos por incendio agravado y daños agravados y que el demandante se vio obligado a defenderse de dichos cargos en juicio público y por jurado resultando no culpable de los mismos.

Las alegaciones contenidas en la demanda claramente cumplieron su propósito; es decir, éstas informaron al demandado a grandes rasgos de cuál es la reclamación incoada en su contra. De esa forma quedó notificado de la naturaleza de las contenciones y puede comparecer a defenderse. *Reyes Castillo v. Cantera,* ___ D.P.R. ___ (1996), **96 J.T.S. 9,** opinión de 24 de enero de 1996; *Ortiz Díaz v. R&R Motor Sales Corp.,* 131 D.P.R. 829 (1992); *Mercado Cintrón v. Zeta Communications, Inc.,* ___ D.P.R. ___ (1994), **94 J.T.S. 50,** opinión de 7 de abril de 1994.

De otra parte, nuestro ordenamiento jurídico reconoce una acción civil en daños y perjuicios por persecución maliciosa como consecuencia de un pleito criminal ▪ En *Parés v. Ruiz,* 19 D.P.R. 342, 346 (1913), se mencionó por primera vez los elementos que tienen que concurrir para que se instituya un pleito bajo esta doctrina. En dicha ocasión se establecieron los siguientes requisitos ▪

*"1. Que la parte demandada haya denunciado o instado un proceso criminal contra la parte demandante.*

*2. Que la causa o acción instada haya terminado de forma favorable al demandante.*

*3. Que no existía causa probable y la acción fue instada maliciosamente.*

*4. Que la demandante sufrió daños a consecuencia de ello."* Véase, *Giménez Alvarez v. Silén Maldonado,* 131 D.P.R. 91 (1992); *Fonseca v. Oyola,* 77 D.P.R. 525, 528 (1954); *Torres v. Marcano,* 68 D.P.R. 880, 881 (1948).

Examinada la demanda es de rigor concluir que sus alegaciones esbozan una causa de acción por persecución maliciosa sin descartar que pudiera existir otra por difamación. Ambas causas de acción, tomando como ciertas las alegaciones de la demanda, no están prescritas.

El Artículo 1868 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5298, dispone que la acción para exigir responsabilidad por culpa o negligencia prescribe al año, contado a partir del momento en que lo supo el agraviado. Por otro lado, el Artículo 1869 del mismo cuerpo legal indica que el plazo hábil para el ejercicio de las acciones comienza a contar desde que las mismas pueden ser ejercitadas. Así, luego de interpretar conjuntamente el artículo citado, el Tribunal Supremo de Puerto Rico ha adoptado la teoría cognoscitiva del daño. La misma establece que *"el plazo prescriptivo para el ejercicio de las acciones de daños y perjuicios no comienza en el instante en que se produce la acción u omisión culposa o negligente, sino en el momento en que el perjudicado conoce que ha sufrido un daño, y sabe, además, quién es el responsable."* (Citas omitidas) *Ojeda v. El Vocero de P.R.*, ___ D.P.R. ___ (1994), **94 J.T.S. 131,** opinión de 26 de octubre de 1994. Véase además, *González Rodríguez v. Wal-Mart Inc.,* ___ D.P.R. ___ (1998), **98 J.T.S. 149**, opinión de 9 de diciembre de 1998.

Aplicando el derecho previamente expuesto a los hechos del caso, vemos, pues, que la causa de acción por persecución maliciosa no está prescrita por razón de que el término de 1 año comenzó a decursar a partir del momento en que el jurado emitió el veredicto de no culpable por los delitos imputados y no desde el momento en que los demandados formularon las correspondientes denuncias. Con relación a la causa de acción por difamación, de la propia demanda surge que después del veredicto absolutorio los demandados han continuado, según las alegaciones de la demanda, difamando al demandante.

Habida cuenta de lo anterior, no detectamos abuso de discreción de parte del tribunal recurrido al dejar sin efecto la sentencia desestimando la demanda utilizando para ello el mecanismo procesal provisto por la Regla 49.2 de las de Procedimiento Civil.

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 99 DTA 178

**1.** El Art. 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. 5141 dispone:

*"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."*

**2.** Véase como ilustración: *Ocasio v. Alcalde Mun. de Maunabo,* 121 D.P.R. 37 (1986); *Raldiris v. Levit & Sons of P.R., Inc.,* 103 D.P.R. 778 (1975); *Escoda v. Hulls Dobbs Co. of P.R.,* 100 D.P.R. 305 (1971); *Commonwealth Loan Corp. v. García,* 96 D.P.R. 773 (1968).