ÁNGELES JIMÉNEZ, demandante y apelante, *v.* MÁXIMO SÁNCHEZ, demandado y apelado.

Número 11014.

*Sometido:* 1 de abril de 1954. *Resuelto:* 19 de abril de 1954.

---

*A. Figueroa Rivera,* abogado del apelante; *Faría, Fornaris & Ruiz,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

En la antigua Corte de Distrito de Humacao Ángeles Jiménez presentó una demanda de daños y perjuicios por persecución maliciosa contra Máximo Sánchez. En la demanda enmendada que le sirvió de base a este litigio se alegó sustancialmente que "allá para el mes de marzo de 1937 el demandado Máximo Sánchez maliciosamente y a sabiendas de que no existía causa probable para ello y con el fin premeditado de dañar la reputación y hombría de bien del demandante, acusó falsamente a dicho demandante Ángeles Jiménez, imputándole el haberlo agredido con un revólver, y con tal motivo se expidió orden de arresto contra el demandante, quien fué encarcelado y privado de su libertad, teniendo que prestar fianza para permanecer en libertad provisional"; y que en virtud de tal acusación, el Fiscal de Distrito de Humacao inició un proceso criminal por atentado a la vida contra Jiménez, y celebrada la vista del caso, el jurado absolvió libremente al acusado.

El tribunal de Humacao formuló las siguientes conclusiones sobre los hechos, al dictar sentencia declarando la demanda sin lugar, después de haberse celebrado la vista de este caso:

"1. Que el demandado Máximo Sánchez, el 15 de marzo de 1937 recibió un disparo de revólver mientras se encontraba en un callejón existente en una finca de su propiedad y fué herido de gravedad y conducido al Hospital Coombs de Fajardo donde permaneció recluído por algunos días.

"2. Que al personarse el Juez Municipal de Fajardo en aquel entonces el Lic. Juan Nevares Santiago, al Hospital Coombs, el demandado declaró ante dicho funcionario y más tarde se pre-

sentó el. Lic. Miguel García González, Fiscal de Distrito de Humacao en dicho Hospital y tomó declaración bajo juramento al demandado Máximo Sánchez.

"3. Que desde que el demandado Máximo Sánchez recibió la herida mientras se encontraba en el callejón de su finca, dijo a la primera persona que llegó al sitio de los hechos que quien lo había herido lo fué Ángeles Jiménez, el demandante, y así lo declaró bajo juramento al ser interrogado por el Fiscal de Distrito, Miguel García González.

"4. Que el Hon. Fiscal Miguel García González tomó declaraciones a otros testigos continuando la investigación con motivo de lo cual formuló acusación contra Ángeles Jiménez a quien acusó del delito de Atentado a la Vida.

"5. Que la primera acusación radicada por el Fiscal de Distrito fué archivada por haber transcurrido más de 120 días y formulada nueva acusación y visto el caso ante un jurado que entendió en el mismo, el demandante fué absuelto.

"6. Que durante la investigación comenzada por el Juez Municipal Juan Nevares Santiago y continuada por el Fiscal Miguel García González, el demandado, Máximo Sánchez, no intervino ante ellos para obtener prueba relacionada con los hechos del caso ni instigó a estos funcionarios a formular acusación alguna y meramente expuso los hechos ocurridos en 15 de marzo de 1937, no existiendo malicia ni falsedad de parte del demandado Máximo Sánchez al relatar los hechos bajo juramento.

"7. Que la actuación del Hon. Fiscal Miguel García González acusando al demandante Ángeles Jiménez del delito de Atentado a la Vida, éste lo hizo porque entendió que había causa probable para acusar y obtener un veredicto de culpabilidad contra dicho Ángeles Jiménez."

El demandante ha apelado ante este Tribunal de la sentencia dictada por el tribunal a quo. Alega que se cometieron los siguientes errores:

"1. Erró el tribunal apelado al admitirle en evidencia al demandado el sumario de la investigación realizada en el caso criminal de atentado contra la vida.

"2. Erró el tribunal antes dicho al declarar sin lugar nuestra demanda enmendada."

Consideraremos en primer término el segundo error señalado. Estaríamos justificados en no considerarlo, por

ser su señalamiento demasiado general. Los apelantes deben colocar a este Tribunal en condiciones adecuadas para conocer cuáles son sus alegaciones específicas, a través del señalamiento de errores. Pero en vista de que los fundamentos de la apelación interpuesta aparecen de la discusión contenida en el alegato del apelante, consideraremos los méritos de las cuestiones planteadas (*Pueblo* v. *Colón*, 68 D.P.R. 893), aunque esos fundamentos, claramente carecen de virtualidad.

■ Fué correcta la sentencia del tribunal de Humacao ya que, en este caso, no concurren dos de los elementos esenciales de la acción de daños y perjuicios por persecución maliciosa, esto es, no se ha demostrado que el demandado hubiese instigado al Fiscal de Distrito de Humacao a presentar la acusación por atentado a la vida contra el demandante ni se ha establecido que, al informarle al Fiscal que el demandante le había disparado un tiro, el demandado hubiese prestado tal declaración sin causa probable para ello.

La prueba presentada sostiene las conclusiones formuladas por el tribunal a quo al efecto de que el demandado se limitó a declarar bajo juramento ante el Fiscal, en contestación a las preguntas hechas por este último, en el curso de una investigación, declarando él posteriormente como testigo en el proceso criminal seguido contra el aquí demandante, no habiendo él instigado en forma alguna al Fiscal para que presentase una acusación contra el aquí demandante . El Fiscal declaró en el juicio celebrado en el caso de autos, habiendo sido su testimonio creído por el tribunal a quo, y expuso que el demandado nunca hizo gestión alguna con el Fiscal para que radicase la acusación; que él había considerado las declaraciones de otros testigos y que el demandado no ejerció presión alguna sobre él para que radicase la acusación.

■ Para que quede establecida la instigación requerida en esta clase de casos, debe demostrarse que la actuación del demandado ha sido la causa eficiente de poner en movimiento,

maliciosamente, la maquinaria de la ley para perseguir judicialmente al demandante, siendo un criterio relevante el de si el demandado indujo activamente la iniciación del procedimiento, a través de una actuación afirmativa en virtud de consejos, peticiones, estímulos o presiones. (54 C.J.S. 966). El suministrar información a un fiscal no constituye, de por sí, una instigación, ya que, generalmente, en esos casos la causa eficiente de la iniciación del procedimiento criminal ha sido la actuación y decisión del fiscal, en el ejercicio de su discreción, después de haber practicado la correspondiente investigación, *Torres* v. *Marcano*, 68 D.P.R. 880; 3 *Restatement, Torts*, sec. 653(2), pág. 385, 386. No surge responsabilidad alguna, por persecución maliciosa, por el hecho en sí de que el demandado haya actuado como testigo de cargo (54 C.J.S. 967; *Wolter* v. *Safeway Stores*, 60 F.Supp. 12, confirmado en 153 F.2d 641, *certiorari* denegado en 67 S. Ct. 64; *Orth* v. *Bosker*, 30 Hawaii 520). En el caso de *Campbell* v. *Yellow Cab. Co.*, 137 F.2d 918 se resolvió que el hecho de que un conductor de taxis, en contestación a preguntas de la policía, identificase al demandante como el autor de un robo, bajo la creencia razonable de que la identificación era correcta, no hace responsable al patrono del conductor por persecución maliciosa, especialmente cuando no se haya demostrado qué se haya tratado de ejercer influencia sobre los funcionarios públicos concernidos en cuanto al ejercicio de su discreción. El establecer responsabilidad bajo tales circunstancias podría crear obstáculos y serias dificultades en la administración de justicia, en cuanto a la obtención de testigos de identificación. *King* v. *Martin*, 142 S.E. 358. Además, la regla que estamos adoptando le imprime un margen adecuado de efectividad a la autonomía de criterio de un fiscal.

Al identificar al demandante como la persona que le había disparado, el demandado no actuó maliciosamente, y hubo causa probable para tal declaración. La existencia de causa probable no queda determinada exclusivamente por la realidad

de los hechos, puede haber causa probable para una imputación aun si se demuestra que la imputación es objetivamente errónea o equivocada, ya que lo esencial en cuanto a la existencia de causa probable es si el demandado tenía una base razonable y honesta para tal identificación (1 C.J.S. 977; *Van Sant* v. *American Express Co.*, 158 F.2d 924; 169 F.2d 355; *White* v. *Brinkman*, 73 P.2d 254, 23 Cal. App.2d 307; *Richter* v. *Neilson*, 54 P.2d 54, 11 Cal. App.2d 503; *Keezer* v. *Divelle–Kaiser Co.*, 225 N.Y.S. 722; *Eumont* v. *Railway Exp. Agency*, 36 So.2d 30), (La.). Con respecto a declaraciones prestadas en procesos criminales, la causa probable para la imputación de la comisión de un delito consiste en el hecho de que existen motivos razonables para ello, sostenidos por circunstancias que sean suficientes para justificar una creencia razonable de que el acusado es el autor del crimen (1 C.J.S. 982). Puede haber causa probable aun si ha mediado una equivocación razonable, en la cual se haya incurrido de buena fe, en la identificación del autor del crimen (3 *Restatement, Torts*, sec. 662, pág. 406). La cuestión de causa probable no descansa exclusivamente en la culpabilidad o inocencia del acusado, pero depende en el criterio honesto del declarante en cuanto a tal culpabilidad, basado en fundamentos razonables (1 C.J.S. 986). El hecho de que un jurado haya absuelto al acusado no implica de por sí la ausencia de causa probable (*Van Sant* v. *American Exp. C.*, supra; *Ross* v. *O'Brien*, 48 P.2d 718; *Shoemaker* v. *Shoemaker*, 78 A.2d 605). Ello es así porque una absolución puede basarse en la existencia de dudas razonables sobre la culpabilidad del acusado, mientras que una persona puede tener causa probable para una imputación aun si ella no está convencida más allá de una duda razonable en cuanto a la certeza de su creencia (3 *Restatement, Torts*, pág. 405). En 3 *Restatement, Torts*, sec. 667, pág. 422, se dice lo siguiente:

"El hecho de que el acusado fué absuelto después de un juicio por un magistrado o un tribunal es considerado, en forma apro-

piada, como irrelevante a los fines de determinar la existencia o inexistencia de causa probable. La existencia de causa probable depende de la creencia razonable del acusador en ciertos hechos que, de ser ciertos, podrían haber justificado su creencia en la culpabilidad del acusado, mientras que una absolución por un magistrado o un tribunal meramente demuestra que la prueba presentada en el juicio no fué suficiente para remover las dudas razonables en cuanto a la culpabilidad del acusado. Además, la absolución pudo haber sido ocasionada al hecho de que haya habido prueba de hechos exculpatorios que eran desconocidos para el acusador al iniciarse los procedimientos, o a la impracticabilidad de producir testigos que declaren sobre ciertos hechos con respecto a los cuales el acusador tenía información adecuada cuando él inició los procedimientos."

La comunidad está interesada en que se investigue y se persiga la comisión de delitos y no deben imponerse penalidades a aquéllos que cooperan en la administración de justicia. Naturalmente, existe un destacado interés social en que no se atropelle ni se persiga arbitraria y maliciosamente a los inocentes. Por ello, una acusación caprichosa, formulada de mala fe y sin fundamentos razonables serviría de ingrediente de la acción de persecución maliciosa. Pero una declaración que responda a una creencia razonable no debe conllevar responsabilidad.

Hemos examinado la prueba presentada en este caso y las conclusiones sobre los hechos formuladas por el tribunal sentenciador, y hemos llegado al convencimiento de que el demandado tuvo causa probable para identificar al demandante como el autor del delito imputado.

Incidentalmente, nuestra opinión anterior en este mismo caso (*Jiménez* v. *Sánchez*, 60 D.P.R. 417), se refería a la suficiencia de la demanda, y no a la suficiencia de la prueba.

▇ Tampoco incurrió en error el tribunal a quo al admitir en evidencia el expediente de la investigación practicada por el fiscal, que contiene las declaraciones juradas prestadas ante ese funcionario en el curso de su investigación. Inde-

pendientemente de la cuestión relativa a la alegada inadmisibilidad de ese expediente para probar la verdad del contenido de las declaraciones juradas, tal documento era admisible para probar el hecho en sí de que el fiscal hizo una investigación, y el hecho de que el demandado no instigó la presentación de la acusación contra el demandante. Las circunstancias que rodeaban la presentación de la acusación eran admisibles para demostrar que el demandado no inició los procedimientos (1 C.J.S. 1065, sec. 89).

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Belaval no intervino.