ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JUAN C. GARCIA, YASMÍN CABALLERO RUIZ Y OTROS<br><br>Parte Demandante<br><br>v.<br><br>LUIS ECHEGARAY MÉNDEZ Y OTROS<br><br>Parte Apelada<br><br>**v.**<br><br>**SEVEN THREE SEVENTEEN LLC; WILFRED HSU, POR SÍ Y COMO MIEMBRO DE LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR FULANA HSU; Y OTROS**<br><br>**Parte Apelante** | KLAN202300712 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2017CV02218 consolidado con SJ2021CV01675<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de octubre de 2024.

Comparece Seven Three Seventeen LLC (STS o apelante), mediante recurso de Apelación, y nos solicita que revoquemos la *Sentencia Parcial* emitida el 22 de junio de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI).[1] Mediante el referido dictamen, el foro primario acogió las sendas mociones de sentencia sumaria presentadas por el Sr. Luis Echegaray Méndez, su esposa Olga Casalduc y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, Sr. Echegaray Méndez), y por MAPFRE PRAICO INSURANCE COMPANY (en adelante, MAPFRE). En consecuencia, desestimó la reconvención incoada por STS en los siguientes términos: con perjuicio, en cuanto

---

[1] La *Sentencia Parcial* fue notificada el 23 de junio de 2023.

a la reclamación sobre daños y perjuicios por persecución maliciosa instada contra el Sr. Echegaray Méndez y, sin perjuicio, respecto a la causa de acción por incumplimiento de contrato presentada contra MAPFRE.

Evaluados los escritos presentados por las partes, así como los documentos que obran en el expediente, este Tribunal confirma la *Sentencia Parcial* apelada.

**I.**

Según surge del expediente, las partes litigantes son titulares de apartamentos localizados en el condominio The Residence At The Park, sito en San Juan, Puerto Rico[2]. La génesis de la presente controversia comienza el 31 de octubre de 2017, cuando los titulares del apartamento 501 -el matrimonio compuesto por el Sr. Juan C. García y la Sra. Yasmín Caballero Ruíz- instaron una *Demanda* sobre daños y perjuicios contra el titular del apartamento 601, Sr. Echegaray Méndez, en el caso identificado bajo el número SJ2017CV02218. El matrimonio demandante reclamó al Sr. Echegaray Méndez una compensación por los daños sufridos a consecuencia de filtraciones presuntamente provenientes del apartamento 601.[3]

Por otro lado, el 30 de abril de 2019, el Sr. Echegaray Méndez inició el caso SJ2019CV04238 contra el Sr. Wilfred Hsu, titular del apartamento 701, alegando que las filtraciones presuntamente provenían de dicho apartamento. No obstante, mediante sentencia emitida el 18 de septiembre de 2019, la reclamación fue desestimada sin perjuicio, por no haberse diligenciado el emplazamiento en el término dispuesto en la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c).

---

[2] Apéndice del recurso, págs. 532-541.
[3] El condominio The Residence At The Park, Calle Cervantes se encuentra ubicado en la Calle Cervantes, esquina Calle Lucchetti, Número 85, San Juan, Puerto Rico, 00907.

Así las cosas, el 16 de octubre de 2020[4] -dentro del caso SJ2017CV02218- el Sr. Echegaray Méndez y su aseguradora MAPFRE, incoaron una demanda de tercero en contra de STS y Wilfred Hsu, como titulares del apartamento 701, con el propósito de que éstos respondieran directamente a los titulares del apartamento 501 por los daños provocados por las filtraciones, o al tercero demandante por cualquier cantidad que éste viniera obligado a pagar como resultado de la reclamación original. Según las alegaciones, las filtraciones que afectaban los apartamentos 601 y 501 provenían del apartamento 701, y provocaban daños de carácter continuo a los inmuebles afectados. En dicha demanda contra tercero, además, el Sr. Echegaray Méndez reclamó una compensación por los daños y perjuicios sufridos a consecuencia de las filtraciones.[5]

Además, el 15 de marzo de 2021, Sr. Echegaray Méndez, presentó una acción independiente en daños y perjuicios bajo el número SJ2021CV01675, en la que incluyó únicamente a STS como titular del apartamento número 701, basada en los mismos planteamientos de la demanda contra tercero del caso número SJ2017CV02218.

El 29 de junio de 2021, el TPI consolidó los casos SJ2017CV02218 y SJ2021CV01675. Posteriormente, el 10 de agosto de 2021, dictó *Sentencia parcial enmendada* a los fines de: (1) ordenar el cierre y archivo de la demanda contra tercero del caso número SJ2017CV02218, con perjuicio únicamente en cuanto a Wilfred Hsu, por no ser el titular registral del apartamento 701, y (2) acoger la petición de desistimiento sin perjuicio solicitada por el Sr.

---

[4] La demanda contra tercero fue enmendada el 26 de febrero de 2021, para incluir a STS en el epígrafe y para describir como "latentes" las filtraciones aludidas en la demanda.
[5] Apéndice del recurso págs. 607-612.

Echegaray Méndez en cuanto a STS y permitiendo la continuación del pleito independiente SJ2021CV01675.

Así las cosas, el 3 de septiembre de 2021, STS solicitó la desestimación del caso SJ2021CV01675. Adujo que la sentencia parcial enmendada del 10 de agosto de 2021 había decretado el archivo con perjuicio de una primera demanda, refiriéndose a la demanda contra tercero incoada en el caso SJ2017CV02218. Indicó que dicho dictamen era uno final y firme, y versaba sobre las mismas partes y causas de acción del caso SJ2021CV01675. Por eso, requirió que se desestimara el caso SJ2021CV01675, alegando que la controversia era cosa juzgada.

El 24 de septiembre de 2021, el TPI denegó la desestimación solicitada por STS. Explicó que la sentencia parcial enmendada del 10 de agosto de 2021 había decretado el archivo con perjuicio de la demanda del caso SJ2017CV02218 únicamente en cuanto al Sr. Wilfred Hsu. Aclaró que, en cuanto a STS, el desistimiento en ese caso SJ2017CV02218 había sido uno sin perjuicio, razón por la cual se había dado curso al pleito SJ2021CV01675. Por tanto, el TPI concluyó que el archivo con perjuicio en cuanto al Sr. Wilfred Hsu no incidía sobre la reclamación instada en contra de STS.

Inconforme con dicho dictamen, STS presentó un recurso de *certiorari* ante este Tribunal de Apelaciones. Mediante resolución emitida el 15 de diciembre de 2021, en el caso KLCE202101246, este Tribunal denegó la expedición del recurso.

Entretanto, STS presentó su contestación a la demanda incoada por el Sr. Echegaray Méndez.[6] En ella, negó las alegaciones e incluyó una reconvención consistente de dos causas de acción. En la primera, reclamó una indemnización en daños y perjuicios por persecución maliciosa en contra del Sr. Echegaray y MAPFRE.

---

[6] *Íd.,* págs. 56-62.

Arguyó que la aseguradora había expedido una póliza a su favor para el apartamento 701; más, sin embargo, ésta había incoado junto al Sr. Echegaray Méndez, "no menos de cuatro demandas" en contra suyo "imputándole haber incurrido en actos cuya falsedad les consta", negándole a STS cubierta y representación legal. Por dicha negativa, y como segunda causa de acción, STS alegó que MAPFRE había incumplido el contrato de seguro existente entre ellos dos, causándole daños por los cuales también reclamó compensación.[7]

El Sr. Echegaray Méndez, junto a su aseguradora MAPFRE, presentó una *Réplica a Reconvención*.[8] En general, negó las alegaciones y, en específico, aquella que versa sobre la denegatoria de cubierta, clasificándola de falsa y conclusoria. También, arguyó que no existían elementos para una causa de acción por persecución maliciosa.

Más adelante, el 17 de diciembre de 2021, el Sr. Echegaray Méndez instó una *Moción de Sentencia Sumaria*[9]. En ésta, propuso catorce (14) hechos incontrovertidos y planteó que, como cuestión de derecho, procedía que se dictara sentencia sumaria a su favor desestimando la reconvención instada por STS. A tales fines, negó haber presentado múltiples demandas contra STS y manifestó que el hecho de que hubiera hecho esfuerzos extrajudiciales y judiciales para que STS diera acceso a su propiedad para propósitos de inspección y reparación de filtraciones no constituían actos de hostigamiento o persecución maliciosa.[10] En cuanto al reclamo de

---

[7] *Íd.*

[8] *Íd.*, págs. 63-67.

[9] *Íd.*, págs. 68-84.

[10] El Sr. Echegaray Méndez recapituló los eventos según se transcriben a continuación:

> 5.12 Inicialmente por desconocimiento sobre quién era el titular del apartamento 701, se demandó al señor Wilfred Hsu. Posteriormente, luego de investigaciones y tomar conocimiento de que el titular registral era [STS], se enmienda la Demanda contra Terceros y se trata de emplazar a dicha parte.

STS de que MAPFRE le había denegado cubierta y representación legal, el Sr. Echegaray Méndez arguyó que STS tenía que presentar una acción independiente para reclamar cubierta bajo la póliza expedida a su favor. De tal forma, argumentó que la reconvención de STS era una que no justificaba la concesión de un remedio. Con su escrito en solicitud de sentencia sumaria, el Sr. Echegaray Méndez anejó copia de documentos en apoyo de lo alegado.[11]

Oportunamente, STS presentó su correspondiente *Oposición a la "Moción de Sentencia Sumaria"*.[12] Expuso que existía controversia sobre los hechos propuestos por el Sr. Echegaray Méndez - tras catalogarlos de incompletos, falsos o alegaciones

---

5.13 Toda vez que al momento de presentarse la Demanda contra Terceros en el caso SJ2017CV02218 se desconocía el paradero y la dirección física de ambos terceros demandados, los aquí comparecientes luego de las diligencias necesarias emplazaron por edicto. En cuanto al tercero demandado [STS] el edicto presentó un error, lo cual se interpretó como que no cumplió con las Reglas de Procedimiento Civil, por lo que se procedió a desistir de dicha demanda sin perjuicio.

5.14 Con el fin de adquirir jurisdicción sobre dicho tercero demandado se presentó demanda independiente bajo el caso civil número SJ2021CV01675, y se procedió a realizar el emplazamiento una vez se obtuvo información del paradero de [STS].

5.15 Únicamente ha existido un archivo de la reclamación en contra de [STS] por desistimiento sin perjuicio, y fue a los únicos fines de adquirir jurisdicción sobre la persona de [STS].

5.16 El 29 de junio de 2021 la parte aquí compareciente desistió de la reclamación contra el señor Wilfred Hsu toda vez que se presentó evidencia de que no es el titular registral de la propiedad inmueble en controversia, y decidió continuar la reclamación contra el titular del apartamento 701, [STS]. (SUMAC 197).

5.17 El 29 de junio de 2021 este Honorable Tribunal ordenó la consolidación de los pleitos SJ2021CV01675 y SJ2017CV02218 y dictó Sentencia Parcial a los fines de ordenar el cierre y archivo de la Demanda contra Tercero, con perjuicio, contra Wilfred Hsu solamente (SUMAC 209).

[...]

5.20 Además, la alegación sobre múltiples demandas presentadas por los comparecientes contra [STS], fue derrotada mediante la Resolución de este Honorable Tribunal del 23 de septiembre de 2021 (SUMAC 225). Esta Resolución fue confirmada por el Tribunal de Apelaciones en el caso KLCE202101246 (...), lo cual constituye hasta el presente la ley del caso. *Íd.,* págs. 80-81.

[11] *Íd.,* págs. 85-103. En específico, acompañó copia de los siguientes documentos: (1) Póliza; (2) Carta del Ingeniero Emiliano H. Ruiz del 17 de junio de 2020; y (3) (4) Resolución del recurso KLCE2O2101246.
[12] *Íd.*, págs. 110-132.

conclusorias carente de prueba admisible que los apoye – y enumeró dos (2) asuntos sobre los cuales entiende que existe controversia, y por los cuales debía denegarse la solicitud de sentencia sumaria. Por otro lado, señaló que el remedio sumario solicitado resultaba prematuro porque aún no se había llevado a cabo el descubrimiento de prueba. Para respaldar sus alegaciones, STS acompañó copia de varios documentos.[13]

A continuación, también MAPFRE incoó una *Moción de Sentencia Sumaria*[14], en la que solicitó que se desestimara con perjuicio la reconvención presentada en su contra como alegado asegurador de STS. Así, mediante los dos (2) hechos que propuso como incontrovertidos, MAPFRE sostuvo que, para la fecha de los hechos relatados en la reconvención (año 2011), no tenía expedida póliza alguna a favor de STS que proveyera cubierta por los daños alegados. Por lo cual, en ausencia de una póliza que pudiese cubrir la reclamación, procedía que se desestimara la acción en contra de la aseguradora. En apoyo a sus alegaciones, MAPFRE incluyó tres anejos.[15]

En respuesta, el 14 de noviembre de 2022, STS radicó su *Oposición a la Segunda "Moción de Sentencia Sumaria"*.[16] En esta, coincidió con los hechos incontrovertidos propuestos por MAPFRE, pero alegó que en un momento dado sí hubo una póliza expedida por MAPFRE a su favor, cuya cubierta incluyó el apartamento 701. En otro extremo, propuso treinta y tres (33) hechos incontrovertidos adicionales para demostrar que subsistían los elementos para la

---

[13] *Íd.*, págs. 133-286. Los documentos presentados fueron: (1) Complaint; (2) Carta de Ingeniero; (3) Emails; (4) Fotos; (5) Mensajes de textos; (6) Certificate of Formation; (7) Registro de Corporaciones; (8) Póliza 1777208000725 de MAPFRE; (9) Cartas; (10) Renovación de la Póliza; (11) Contestación al Primer Interrogatorio; (12) Factura Navarro Plumbing; (13) Estudio de título; (14) Inspección; (15) Declaración jurada; (16) Deed and Purchase and Sale.
[14] *Íd.*, págs. 294-298.
[15] *Íd.*, págs. 299-317. Estos documentos fueron: (1) Demanda del 31 de octubre de 2017; (2) Contestación a la Demanda y; (3) Declaración jurada de Rosana Trujillo Matos, vicepresidenta auxiliar de la Unidad Técnica de Suspensión de Líneas Comerciales de MAPFRE.
[16] *Íd.*, págs. 320-340.

causa de acción por persecución maliciosa.[17] Por lo anterior, aseveró que no procedía despachar sumariamente la reconvención.

Así pues, basado en la evidencia documental, el 22 de junio de 2023, el foro primario emitió la *Sentencia Parcial* apelada.[18] En dicho dictamen, el TPI consignó que no existía controversia sobre los siguientes hechos materiales:

1. El 28 de junio de 2017, STS se incorporó como corporación de responsabilidad limitada organizada en virtud de las leyes del Estado Libre Asociado de Puerto Rico.

2. El 3 de julio de 2017, STS adquirió el Apartamento 701 ubicado en el condominio The Residence At The Park, Calle Cervantes en esquina con la Calle Lucchetti, Número 85, San Juan, Puerto Rico, 00907.

3. El 31 de octubre de 2017, el Sr. García y su esposa, titulares del Apartamento 501 del condominio descrito en el acápite anterior, presentó la *Demanda* de epígrafe en contra del Sr. Echegaray y su esposa, Olga Casalduc —titulares del Apartamento 601— por daños ocasionados presuntamente por problemas de humedad y filtración.

4. MAPFRE compareció al pleito por ser la compañía de seguro del Sr. Echegaray, cuya póliza número 2777168006206 cubre el Apartamento 601.

5. El 30 de abril de 2019, el Sr. Echegaray presentó un *Complaint* en contra de Wilfred Hsu, caso número SJ2019CV04238 por daños ocasionados a causa de presuntas filtraciones de agua y problemas de humedad provenientes del Apartamento 701. Dicha reclamación fue desestimada sin perjuicio el 18 de septiembre de 2019 mediante *Sentencia* emitida por la Hon. Juez Superior Olga García Vincenty debido a que no se diligenció el emplazamiento en el término requerido por la Regla 4.3 (c) de Procedimiento Civil, (32 LPRA Ap. V, R.4.3(c)).

6. El 3 de enero de 2020, MAPFRE expidió la póliza número 1777208000725 en la que cubrió el Apartamento 701 y cuya vigencia duró hasta el 3 de enero de 2021.

7. El 16 de octubre de 2020, el Sr. Echegaray y MAPFRE presentaron la *Demanda contra tercero* en el caso número SJ2017CV02218, en contra de STS y Wilfred Hsu.

---

[17] Para sostener su planteamiento, STS anejó los mismos documentos que incluyó en su oposición a la sentencia sumaria presentada por el Sr. Echegaray Méndez. Véase Apéndice del recurso, págs. 341-494.

[18] *Íd.*, págs. 501-516. La sentencia fue notificada el 23 de junio de 2023.

8. El 26 de febrero de 2021, el Sr. Echegaray presentó la *Demanda enmendada contra tercero* en la que añadió a STS al epígrafe e incluyó alegaciones en cuanto a unos presuntos daños ocasionados por filtraciones provenientes del Apartamento 701 en noviembre de 2020 describiéndolas como "latentes", por lo que el término prescriptivo no ha comenzado a cursar.

9. El 15 de marzo de 2021, el Sr. Echegaray presentó una *Demanda* independiente y correspondiente al caso número SJ2021CV01675 en la que incluyó únicamente a STS como titular del Apartamento 701 y su última dirección física conocida.

10. El 19 de marzo de 2021, se informó que el edicto publicado para emplazar a STS en el caso número SJ2017CV02218 tuvo un error respecto a la letra requerida por la Regla 4.3(c) de Procedimiento Civil, *supra*, por lo que, el Sr. Echegaray le solicitó al tribunal desestimar dicha reclamación sin perjuicio y consolidar el caso número SJ2021CV01675 con el caso número SJ2017CV02218.

11. El 29 de junio de 2021, se efectuó dicha consolidación mediante orden emitida por este tribunal.

12. El 10 de agosto de 2021, este tribunal emitió una *Sentencia parcial enmendada* en la que:

    a. Ordenó el cierre y archivo de la Demanda contra tercero referente al caso número SJ2017CV02218 con perjuicio únicamente a los fines de eliminar la causa de acción contra Wilfred Hsu, por no ser el titular registral del Apartamento 701.

    b. Acogió la petición [de] **desistimiento sin perjuicio** solicitada por el Sr. Echegaray en cuanto a **STS**, permitiendo la continuación del pleito independiente número SJ2021CV01675.

13. El 23 de septiembre de 2021 este tribunal reiteró lo establecido en la *Sentencia parcial enmendada* al denegar una reconsideración promovida por STS, y el 15 de diciembre de 2021 el Tribunal de Apelaciones confirmó dicha determinación mediante Resolución.[19]

En su dictamen, el TPI hizo la salvedad de que resultaba incorrecta la aseveración de STS a los efectos de que el Sr. Echegaray Méndez había presentado, en cuatro instancias separadas, una causa de acción en su contra. Así pues, explicó que

---

[19] *Íd.*, págs. 504-506. (Subrayado y negrillas en el original. Notas al calce omitidas).

el Sr. Echegaray Méndez había presentado, solo en dos ocasiones distintas, una reclamación en contra de STS. La primera, a través de la demanda contra tercero en el caso número SJ2017CV02218, y la segunda, mediante la presentación de la demanda que dio inicio al pleito número SJ2021CV01675. Según expuso el tribunal, la demanda contra tercero del caso número SJ2017CV02218, fue desestimada sin perjuicio por razón de haberse incumplido con el término dispuesto en la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c), para diligenciar el emplazamiento, razón por la cual se permitió la continuación de la reclamación instada en el caso número SJ2021CV01675. Apuntó que dicha reclamación forma parte del pleito de epígrafe, el cual se encuentra *sub judice* ante el tribunal. Por lo anterior, y respecto a la reclamación de daños y perjuicios por persecución maliciosa, el foro apelado concluyó que la ausencia de un primer pleito que hubiera culminado de manera favorable para STS impidió que se verificaran los elementos necesarios para que se configurara la causa de acción por persecución maliciosa. Consecuentemente, el TPI decretó desestimación **con perjuicio** de la reclamación de daños y perjuicios por persecución maliciosa.

En otro extremo, y en cuanto al reclamo de indemnización por negar cubierta y representación legal -presentado por STS en contra de MAPFRE- el TPI coligió que STS debía presentar una reclamación independiente en la que tuviera la oportunidad de probar sus alegaciones. Ello pues, porque a pesar de que MAPFRE había alegado en su moción de sentencia sumaria que para el año 2011 no existía una póliza a favor de STS, los presuntos daños reclamados en la demanda contra tercero son unos continuos y recurrentes, sobre los cuales STS planteó como defensa la cubierta de la póliza que en algún momento MAPFRE expidió a su favor para el

apartamento 701.[20] Por tal razón, la desestimación decretada por el TPI sobre la acción incoada por STS en contra de MAPFRE por la presunta denegatoria de cubierta y representación legal, fue una **sin perjuicio**.

Así pues, el TPI declaró con lugar las mociones de sentencia sumaria incoadas por el Sr. Echegaray Méndez y MAPFRE, respectivamente.[21] De tal forma, y recapitulando, desestimó la totalidad de los reclamos incluidos en la reconvención instada por STS en los siguientes términos: **con perjuicio**, en cuanto a la reclamación por persecución maliciosa y, **sin perjuicio**, la causa de acción de daños por la presunta denegatoria de cubierta en contra de MAPFRE.

En desacuerdo, oportunamente STS presentó una *Solicitud De Reconsideración y para que se Enmienden y Complementen las Determinaciones de Hecho.*[22] En síntesis, planteó que el tribunal debió considerar la totalidad de las reclamaciones de la reconvención como compulsorias, arguyendo que éstas surgían del mismo evento que motivó la reclamación original. Por otro lado, solicitó y argumentó que procedía desestimar la causa de acción presentada por el Sr. Echegaray Méndez, dada la admisión de MAPFRE de que los presuntos daños datan del 2011, fecha anterior a la que se organizó STS, razón por la cual no podía imputársele a dicha entidad conducta torticera alguna.[23]

El 12 de julio de 2023, el TPI dictó la resolución mediante la cual denegó la referida solicitud.[24]

Inconforme aún, el 11 de agosto de 2023, STS interpuso el recurso de apelación que nos ocupa y apuntó los siguientes señalamientos de error:

---

[20] STS presentó documentos para demostrar que fue creada en el año 2017.
[21] *Íd.*, pág. 516.
[22] *Íd.*, págs. 517-529.
[23] *Íd.*, pág. 529.
[24] *Íd.*, pág. 531.

Erró el Tribunal de Primera Instancia al desatender lo pautado en la Regla 7.3 de Procedimiento Civil en torno a la procedencia de la desestimación de una causa que presente alegaciones insuficientes.

Erró el Tribunal de Primera Instancia al negarse a reconocer las obvias consecuencias de una adjudicación previa con perjuicio en un tercer proceso judicial idéntico a los anteriores.

Erró el Tribunal de Primera Instancia al desatender lo pautado en la Regla 11 de Procedimiento Civil en torno a la procedencia de una reconvención compulsoria.

Erró el Tribunal de Primera Instancia al desestimar la reclamación de persecución maliciosa no obstante la concurrencia de múltiples y probadas alegaciones que la apoyan.

(Negrillas suprimidas).

Presentado el recurso, y en cumplimiento con nuestra resolución emitida a tales efectos, el 8 de septiembre de 2023, MAPFRE compareció mediante documento titulado *Alegato de MAPFRE PRAICO como Alegado Asegurador de STS*. En resumen, adujo que la reconvención presentada en cuanto a MAPFRE -por presuntamente negarle cubierta a STS- podía dilucidarse en un pleito independiente porque las alegaciones imputan denegatoria de cubierta bajo una póliza distinta y expedida con posterioridad a los hechos esenciales del caso. Por ende, aseveró que el TPI no abusó de su discreción al desestimar sin perjuicio la causa de acción en daños y perjuicios en contra de MAPFRE, como presunto asegurador de STS.

Así también, el Sr. Echegaray Méndez y su aseguradora MAPFRE instaron un *Alegato en Oposición de los Demandantes Contra Terceros STS,* en el que, en esencia, solicitaron que este Tribuna confirme la sentencia parcial apelada en todos sus extremos por los fundamentos en ella esbozados.

Con el beneficio de la comparecencia de las partes procedemos a resolver.

**II.**

**A.**

La Regla 36 de Procedimiento Civil regula el mecanismo procesal de la sentencia sumaria, cuyo propósito principal es facilitar la solución justa, rápida y económica de casos civiles que no presentan controversias genuinas o reales sobre hechos materiales y esenciales.[25] Además, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no existe controversia real y que requiera ventilarse en un juicio plenario, por lo cual solo resta aplicar el derecho.[26]

En lo pertinente, procede dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada, si alguna, demuestran la inexistencia de controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho procede hacerlo.[27] De manera que, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción.[28]

El promovente de la sentencia sumaria deberá demostrar que no existe controversia real sustancial de ningún hecho material.[29] Un hecho material es definido como aquel que "puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".[30] Se podrá derrotar una moción de sentencia sumaria si existe una "duda que permita concluir que existe una controversia

---

[25] *Oriental Bank v. Caballero García,* 212 DPR 671, 678 (2023); *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 808 (2020); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 109 (2015).

[26] *Birriel Colón v. Econo y otros,* 213 DPR ___ (2020); 2023 TSPR 120, resuelto el 3 de octubre de 2023; *Oriental Bank v. Caballero García,* supra.

[27] Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); *González Meléndez v. Mun. San Juan et. al,* 212 DPR 601, 610-611 (2023); *Rosado Reyes v. Global Healthcare,* supra, págs. 808 y 809.

[28] *Íd.*

[29] Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a); *Birriel Colón v. Econo y otros,* supra; *Rosado Reyes v. Global Healthcare,* supra, pág. 808.

[30] *Const. José Carro v. Mun. Dorado,* 186 DPR 113, 129-130 (2012).

real y sustancial sobre hechos relevantes y pertinentes".[31] (Énfasis en el original, subrayado nuestro).

Nuestro ordenamiento civil establece unos requisitos de forma con los cuales se debe cumplir al momento de presentar una solicitud de sentencia sumaria. Estos son: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido.[32]

Toda inferencia que se haga de los hechos incontrovertidos debe efectuarse de la forma más favorable a la parte que se opone a la sentencia sumaria.[33] El Tribunal Supremo ha expresado, que, "[e]l hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si verdaderamente existe una controversia sustancial sobre hechos relevantes y pertinentes".[34] Por otro lado, debemos resaltar, que;

> […]no se dictará sentencia sumaria cuando: (1) existen **hechos materiales y esenciales controvertidos**; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción **una controversia real**

---

[31] *Íd.* pág. 130; *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012).
[32] *Oriental Bank v. Caballero García,* supra; Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.
[33] *Const. José Carro v. Mun. Dorado,* supra, pág. 130; *Pepsi-Cola v. Mun. Cidra et al.,* supra, pág. 756.
[34] *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 337 (2021).

**sobre algún hecho material y esencial**, o (4) como cuestión de derecho no procede."[35] (Énfasis nuestro).

De manera similar, el alto foro judicial ha recalcado que "[n]o es aconsejable usar el mecanismo de sentencia sumaria en casos donde hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial para dilucidar la controversia".[36]

Cónsono con lo anterior, el Tribunal Supremo ha reiterado que el Tribunal de Apelaciones se encuentra en igual posición que los tribunales de primera instancia al revisar solicitudes de sentencia sumaria.[37] De tal forma, el Tribunal de Apelaciones "está regido por la Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario".[38] Por tanto, este foro intermedio no podrá considerar documentos que no fueron presentados ante el TPI, ni adjudicar hechos materiales y esenciales en controversia.[39]

Los criterios a seguir por este tribunal apelativo intermedio, al atender la revisión de una sentencia sumaria dictada por el foro primario, han sido enumerados con exactitud por nuestro Tribunal Supremo.[40] A tenor con lo anterior, el Tribunal de Apelaciones debe:

> 1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;
>
> 2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;
>
> 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales

---

[35] *Pepsi-Cola v. Mun. Cidra et al.,* supra, pág. 757, citando a *SLG Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 167 (2011).

[36] *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964, 980 (2022), citando a *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 301 (1994).

[37] *Birriel Colón v. Econo y otros*, supra; *Rosado Reyes v. Global Healthcare*, supra, pág. 809.

[38] *Meléndez González et al. v. M. Cuebas,* supra, pág. 118.

[39] *Íd.* págs. 114-115.

[40] *Roldán Flores v. M. Cuebas et al*, 199 DPR 664, 679 (2018).

encontró que están en controversia y cuáles están incontrovertidos, y

4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[41]

Por ello, nuestra revisión es una *de novo*, y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.[42] De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho.[43]

**B.**

El Artículo 1802 del Código Civil,[44] dispone que: "[e]l que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado [...]".[45] Como se sabe, para probar una causa de acción por daños y perjuicios, el promovente deberá demostrar, mediante preponderancia de la prueba: (1) que se ha sufrido un daño; (2) por medio de un acto u omisión culposo o negligente; y (3) que existe un nexo causal entre la acción u omisión de la parte y el daño sufrido.[46]

Así pues, el que un demandante ostente el derecho a recibir indemnización por un alegado daño presupone la existencia de un nexo causal entre el daño y el factor que lo origina. Es decir, sólo corresponde indemnizar los daños que son consecuencia del hecho que obliga a la indemnización.[47]

Se ha establecido que la culpa o negligencia consiste en "la falta del debido cuidado, que a la vez consiste en no anticipar y

---

[41] *Íd.*

[42] *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019).

[43] *Acevedo y otros v. Depto. Hacienda y otros,* 212 DPR 335, 352 (2023).

[44] 31 LPRA sec. 5141.

[45] Hacemos referencia al Código Civil de Puerto Rico de 1930, por los hechos haber ocurrido en la vigencia de este.

[46] *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 483-484 (2022); *García v. E.L.A.,* 163 DPR 800, 809 (2005).

[47] *Rivera Jiménez v. Garrido & Co., Inc.,* 134 DPR 840, 851-852 (1993).

prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias".[48] Cuando se alegue haber sufrido daños como consecuencia de la negligencia de la parte demandada, el peso de la prueba respecto a la alegada negligencia le corresponde a la parte demandante.[49]

## C.

En numerosas ocasiones el Tribunal Supremo ha "reiterado la doctrina de que en nuestra jurisdicción no existe per se la acción civil de daños y perjuicios como consecuencia de un pleito civil."[50] No obstante, se ha permitido una acción en daños y perjuicios por persecución maliciosa. A tales efectos, la acción de persecución maliciosa o uso injustificado de los procedimientos legales consiste en una reclamación por daños y perjuicios causados por conducta torticera intencional, al amparo del Artículo 1802 del Código Civil de Puerto Rico.[51]

Según nuestro Tribunal Supremo, la persecución maliciosa consiste en lo siguiente:

> [l]a presentación maliciosa y sin causa de acción probable, de un proceso criminal o civil contra una persona, que produce daños a ésta". (Énfasis suprimido) (Citas omitidas) Esta acción procede cuando un sujeto sigue "todas las formalidades legales requeridas pero las 'pervierte' o 'corrompe' al actuar maliciosamente y sin causa de acción probable" (Citas omitidas).[52]

Los cuatro requisitos esenciales a establecer para que prospere una causa de acción por persecución maliciosa son los siguientes: (1) que el demandado inició o instituyó una acción civil,

---

[48] *Pérez et al. v. Lares Medical et al.*, 207 DPR 965, 976-977 (2021); *López v. Porrata Doria*, 169 DPR 135, 151 (2006).
[49] *Colon y otros v. Kmart y otros*, 154 DPR 510, 521 (2001); *Matos v. Adm. Servs. Médicos de PR*, 118 DPR 567, 569 (1987).
[50] *Giménez Álvarez v. Silén Maldonado*, 131 DPR 91, 96 (1992).
[51] 31 LPRA sec. 5141. García v. ELA, 163 DPR 800, 810 (2005); H.M. Brau del Toro, Los Daños y Perjuicios Extracontractuales en Puerto Rico, 2da ed., Publicaciones JTS, Inc., 1986, Vol. I, pág. 109.
[52] *Toro Rivera et als. v. ELA et al.*, 194 DPR 393, 408 (2015).

o se presentó un proceso criminal; (2) que la causa o la acción, concluyó de manera favorable para el demandado; (3) que la acción fue presentada o seguida maliciosamente y sin causa probable; y (4) que el demandante a consecuencia de ello sufrió daños y perjuicios.[53]

En *Jiménez v. Sánchez*,[54] el Tribunal Supremo aclaró el alcance respecto a la existencia o inexistencia de causa probable. En particular, reconoce:

> La existencia de causa probable no queda determinada exclusivamente por la realidad de los hechos, puede haber causa probable para una imputación aun si se demuestra que la imputación es objetivamente errónea o equivocada, ya que lo esencial en cuanto a la existencia de causa probable es si el demandado tenía una base razonable y honesta para tal identificación.[55]

Cabe destacar que, en los casos de persecución maliciosa, la malicia no se presume.[56] Es decir, en estos casos "[e]l demandante tiene el peso de probar la malicia, con bases fácticas y no con alegaciones vagas o meras conclusiones de derecho."[57] Así también, cabe destacar que "[l]a malicia puede ser expresa o tácita y se presume cuando se imputa la comisión de un acto constitutivo de delito a un extraño."[58]

En cuanto al elemento de malicia, **es necesario establecer algo más que la mera intención del demandado de comenzar un proceso criminal o una acción civil en contra del demandante**.[59] (Énfasis nuestro). Es necesario que, además, se determine que la acusación fue: (1) caprichosa y (2) sin fundamento razonable.[60] De modo que, si la declaración responde a una creencia razonable, no

---

[53] Gimenez Álvarez v. Silén Maldonado, 131 DPR 91, 96 (1992) (Citando *Fonseca v. Oyola*, 77 DPR 525, 528 (1954). Véase, además, *Ayala v. San Juan Racing Corp.*, 112 DPR 804, 812 (1982).

[54] *Jiménez v. Sánchez*, 76 DPR 370 (1954).

[55] *Íd.*, págs. 375-377.

[56] *Raldiris v. Levitt and Sons of P.R., Inc.*, 103 DPR 778, 782 (1975).

[57] *Toro Rivera et als. v. ELA et al.*, supra, pág. 409.

[58] *Rivera v. Casiano*, 68 DPR 190, 195 (1948).

[59] *Brau del Toro, op. cit.*, pág. 112.

[60] *Jiménez v. Sánchez*, supra, pág. 377.

procede imputarle responsabilidad civil al demandado.[61] En cuanto al elemento de la instigación, se requiere que el demandando induzca activamente la iniciación del procedimiento criminal o civil, mediante actos afirmativos tales como: consejos, peticiones, estímulos o presiones.[62]

**D.**

La reconvención es la reclamación que presenta la parte demandada para solicitar la concesión de un remedio contra la parte demandante. Está permitida por la Regla 5.1 de Procedimiento Civil[63] y regulada por la Regla 11 de este cuerpo reglamentario.[64]

Existen dos (2) tipos de reconvenciones: las permisibles y las compulsorias. Las reconvenciones permisibles son aquellas reclamaciones que no surgen del mismo acto, omisión o evento que motivó la reclamación de la parte contra la que se presenta.[65] Por su parte, una reconvención compulsoria es aquella reclamación, hecha por una parte contra cualquier parte adversa, que surja del mismo acto, omisión o evento que motivó la reclamación original y cuya adjudicación no requiera la presencia de terceros sobre quienes el tribunal no pueda adquirir jurisdicción.[66]

Es decir, la Regla 11.1 de Procedimiento Civil, *supra*, obliga a la parte demandada a formular, al momento de su contestación, cualquier reclamación que tenga contra la parte adversa, si la misma surge de la acción u omisión, o evento que motiva la reclamación de la parte demandante.[67]

---

[61] *Íd.*; *Ocasio v. Alcalde Mun. de Maunabo*, 121 DPR 37, 60 (1988).
[62] *Jiménez v. Sánchez*, supra, págs. 374-375.
[63] 32 LPRA Ap. V, R. 5.1.
[64] 32 LPRA Ap. V, R. 11.
[65] *S.L.G. Font Bardón v. Mini–Warehouse*, 179 DPR 322, 332 (2010); Regla 11.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.2.
[66] *S.L.G. Font Bardón v. Mini–Warehouse,* supra; Regla 11.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 11.1.
[67] *Consejo Titulares v. Gómez Estremera et al.*, 184 DPR 407, 424 (2012); *Neca Mortgage Corp. v. A & W Developers*, 137 DPR 860, 866 (1995).

Por otro lado, en cuanto a la reconvención permisible, la parte demandada "[p]odrá exponer como reconvención contra una parte adversa cualquier reclamación que no surja del acto, omisión o evento que motivó la reclamación de dicha parte."[68] **El fin de la reconvención permisible es por economía procesal, no necesariamente para evitar propiamente la multiplicidad de pleitos sobre los mismos hechos.** Se denomina permisible, no porque sea discrecional, sino porque no afecta la vida o vigencia de la reclamación por causa de su presentación en otra instancia separada. En otras palabras, se le conoce como permisible porque si no se formula, no se renuncia; la reclamación no resulta afectada y se puede instar en otro procedimiento."[69] (Énfasis nuestro).

Por último, el funcionamiento efectivo de nuestro sistema judicial y la pronta disposición de los asuntos litigiosos hacen necesario que los jueces de instancia ostenten gran flexibilidad y discreción para lidiar diariamente con el manejo y la tramitación de los asuntos judiciales.[70]

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI.[71] Siendo así, el Tribunal Supremo ha manifestado que los tribunales apelativos no deben intervenir con las determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo pueda probarse que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.[72]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

---

[68] Regla 11.2 de Procedimiento Civil, *supra.*
[69] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed. Puerto Rico, Ed. Lexis Nexis, 2010, pág. 256.
[70] *BPPR v. SLG Gómez López,* 213 DPR ___ (2023), 2023 TSPR 145, resuelto el 19 de diciembre de 2023.
[71] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).
[72] *Íd.*

**III.**

Según los principios expuestos, al revisar una sentencia sumaria, este foro apelativo intermedio debe examinar, en primer lugar, si la solicitud de remedio sumario, así como su oposición, cumplieron con los requisitos de forma que establece la Regla 36 de Procedimiento Civil, *supra.* Luego de revisar las sendas solicitudes de sentencia sumaria instadas por el Sr. Echegaray Méndez y MAPFRE, y las oposiciones presentadas por STS, este Tribunal concluye que los escritos cumplieron con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil. De tal forma, el Sr. Echegaray Méndez y MAPFRE, respectivamente, expusieron los hechos esenciales e incontrovertidos, debidamente enumerados, y unieron los documentos en apoyo a sus enunciados.

Por su parte, STS presentó prueba para rebatir los hechos propuestos en ambas solicitudes. Sin embargo, lo cierto es que con ello no refutó las alegaciones del Sr. Echegaray Méndez respecto a la inexistencia de una causa de acción sobre daños y perjuicios por persecución maliciosa, así como tampoco las alegaciones de MAPFRE respecto a la ausencia de vínculo entre la reclamación sobre incumplimiento del contrato de seguro existente entre ésta y STS y los hechos del caso. Por consiguiente, colegimos que el foro primario actuó correctamente al concluir que no existía una controversia genuina de hechos materiales que impidiera la adjudicación sumaria del pleito.

A su vez, luego de un análisis cuidadoso de los hechos incontrovertidos esbozados por el TPI, concluimos que las determinaciones del foro sentenciador encuentran apoyo en los documentos que obran en autos y no existe controversia genuina sobre los hechos materiales del caso. Por ello, acogemos las determinaciones de hechos incluidas por el TPI en el dictamen apelado. Así pues, corresponde revisar *de novo* si el foro primario

aplicó correctamente la norma jurídica establecida para la controversia y si procedía, como cuestión de derecho, adjudicar de manera sumaria la controversia.

Expuesto lo anterior, atenderemos conjuntamente los primeros dos señalamientos de error. En primer lugar, STS alegó que el TPI erró al negarse a desestimar la reclamación incoada en su contra por el Sr. Echegaray Méndez, debido a la insuficiencia y falta de especificidad de las alegaciones en cuanto al tiempo en el que presuntamente acontecieron los hechos imputados. De otra parte, STS arguyó que el TPI erró al no archivar con perjuicio el caso número SJ2021CV01675 al amparo de la doctrina de cosa juzgada, por entender que el Sr. Echegaray Méndez ya litigó en los pleitos SJ2019CV04238 y SJ2017CV02218 los mismos planteamientos que presentó en el caso SJ2021CV01675.

No obstante, de la *Sentencia parcial* apelada se desprende que el TPI solamente adjudicó la legitimidad de la causa de acción sobre daños y perjuicios por persecución maliciosa incluida en la reconvención que STS presentó a la demanda del Sr. Echegaray Méndez. El foro apelado nada expresó o dispuso en cuanto a los méritos de la reclamación que el Sr. Echegaray Méndez presentó en contra de STS o la suficiencia o validez de las alegaciones en ella esgrimidas.

La salvedad hecha por el TPI en la *Sentencia parcial* apelada para aclarar las aseveraciones hechas por STS, a los efectos de que el Sr. Echegaray Méndez solamente había presentado dos[73] –no cuatro- causas de acción en su contra, para luego adjudicar los

---

[73] Recordemos que el Sr. Echegaray Méndez instó el caso SJ2019CV04238 únicamente en contra del Sr. Wilfred Hsu, siendo la acción desestimada sin perjuicio mediante sentencia emitida el 18 de septiembre de 2019. Luego, mediante sentencia parcial enmendada de 10 de agosto de 2021, el TPI desestimó la demanda contra tercero del caso SJ2017CV02218 con perjuicio únicamente en cuanto al Sr. Wilfred Hsu; en cuanto a STS, el TPI acogió la solicitud de desistimiento sin perjuicio del Sr. Echegaray y permitió que éste continuara con el pleito SJ2021CV01675.

méritos de la reconvención de STS, no constituyó una decisión final en lo que se refiere a la reclamación incoada por el Sr. Echegaray Méndez contra de STS. Como es conocido, este foro revisor carece de jurisdicción para intervenir en una controversia no resuelta por el foro primario. Luego que se emita una determinación final sobre la reclamación presentada por el Sr. Echegaray Méndez en contra de STS, la parte perjudicada tendrá oportunidad de presentar el recurso de apelación que entienda procedente. Hasta entonces, los primeros dos señalamientos de error apuntados carecen de méritos y no requieren mayor discusión.

En tercer lugar, STS adujo que su reclamo en contra de MAPFRE por negarle cubierta y representación legal surgía del mismo acto o evento que provocó la reclamación del Sr. Echegaray Méndez. Por tal razón, entiende que dicho asunto constituye una reconvención compulsoria que el TPI venía obligado a ventilar dentro del mismo pleito. No tiene razón.

En su demanda, el Sr. Echegaray Méndez solicita resarcimiento en daños y perjuicios por las filtraciones que afectan los apartamentos 601 y 501, y que presuntamente provienen del apartamento 701, cuyo titular es STS. En respuesta a dichas alegaciones, STS incluyó en su reconvención una causa de acción en la que reclama incumplimiento de contrato por parte de MAPFRE, por supuestamente negarle cubierta y representación legal en este pleito por motivo de las molestias que han provocado las "cuatro demandas" en las que el Sr. Echegaray Méndez le ha imputado "haber incurrido en actos cuya falsedad les consta"[74], negándole a STS cubierta y representación legal en dichos casos. A consecuencia de dicha negativa, y como segunda causa se acción, fue STS alegó

---

[74] Apéndice del recurso, a las págs. 60-61.

que MAPFRE había incumplido el contrato de seguro existente entre ellos dos, causándole daños por los cuales reclamó compensación.

Como se observa, la reclamación que pretende instrumentar STS se refiere a las ocasiones anteriores en que MAPFRE presuntamente se negó a proveerle cubierta y representación legal. Por ende, las alegaciones de STS no guardan vínculo alguno con el reclamo del Sr. Echegaray Méndez, que exija que deban ventilarse de manera conjunta. Además, permitir la reclamación de incumplimiento de contrato de seguro tampoco fomenta la economía procesal, pues conllevaría descubrimiento de prueba adicional para probar las alegaciones al respecto. Siendo así, y coincidiendo con lo resuelto por el TPI en su sentencia, STS puede instar una reclamación independiente contra MAPFRE por la presunta denegatoria de cubierta. En vista de lo anterior, concluimos que no incidió el TPI al desestimar sin perjuicio la reclamación fundada en la presunta denegatoria de cubierta por parte de MAPFRE. Así, no se cometió el tercer señalamiento de error.

En el cuarto señalamiento de error, STS argumenta que el foro primario erró al desestimar la reclamación de persecución maliciosa, pese a "la concurrencia de múltiples y probadas alegaciones que la apoyan". Tampoco le asiste la razón.

Según señalado, los cuatro requisitos esenciales para que prospere una causa de acción por persecución maliciosa son: (1) que el demandado inició o instituyó una acción civil, o se presentó un proceso criminal; (2) que la causa o la acción concluyó de manera favorable para el demandado; (3) que la acción fue presentada o seguida maliciosamente y sin causa probable; y (4) que el demandante a consecuencia de ello sufrió daños y perjuicios.

En el presente caso, la prueba documental sometida por las partes dejó establecido que el Sr. Echegaray Méndez no ha presentado cuatro, sino dos, causas de acción distintas en contra

de STS. La primera, en el caso número SJ2017CV02218, y la segunda en el caso número SJ2021CV01675. La demanda del caso SJ2017CV02218 fue desestimada sin perjuicio por haberse incumplido con el término dispuesto en la Regla 4.3 (c) de Procedimiento Civil, *supra,* para diligenciar el emplazamiento, y se permitió la continuación del caso SJ2021CV01675, tras consolidarse con el caso número SJ2017CV02218. Es decir, se consolidó con el caso de epígrafe, el cual, aún se encuentra *sub judice* y, por consiguiente, no ha concluido de modo favorable para STS o litigante alguno.

De tal forma, y respecto a la reclamación de daños y perjuicios por persecución maliciosa, coincidimos con el foro primario en que la ausencia de un primer pleito que hubiera culminado de manera favorable para STS impidió que se cumplieran todos los elementos necesarios de la causa de acción por persecución maliciosa. Además, tal y como expuso el TPI en la *Sentencia parcial* apelada, el hecho de incurrir en comunicaciones extrajudiciales con el propósito de resolver una controversia, sin más, no constituye un acto de malicia que permita inferir que hubo una persecución maliciosa. Tampoco lo es el hecho de que el Sr. Echegaray Méndez presentara otro pleito contra la misma parte a la que le reclamó en uno anterior del cual se desistió, pues el andamiaje procesal vigente lo permite. Además, como se mencionó, para que prospere una reclamación por persecución maliciosa, es preciso que se demuestre la malicia de la parte demandada, ya que ésta no se presume. En el presente caso, ello no se demostró. Así que, al no concurrir los requisitos necesarios para probar la causa de acción por persecución maliciosa, y tampoco existir controversia de hechos al respecto, procedía su desestimación con perjuicio.

En resumen, al examinar el expediente del caso ante nuestra consideración y luego de un examen *de novo,* resolvemos que las

determinaciones de hechos realizadas por el foro primario se basan en los documentos que obran en el expediente anejados a las mociones de sentencia sumaria, los cuales no fueron controvertidos por STS. Así pues, no encontramos base jurídica racional para arribar a un resultado distinto al que llegó el TPI.

En virtud de lo anterior, resolvemos que actuó correctamente el Tribunal de Primera Instancia al desestimar la reconvención incoada por STS con perjuicio, en cuanto a la reclamación sobre daños y perjuicios por persecución maliciosa y, sin perjuicio, respecto a la causa de acción por incumplimiento de contrato de seguro. Por tanto, se confirma el dictamen apelado.

**IV.**

Por los fundamentos anteriormente expuestos, se confirma la *Sentencia Parcial* apelada.

**Notifíquese.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones